1  RALPH A. ZAPPALA, SBN 102052
   ERIN S. SANCHEZ, SBN 238450
2  BUSBY ZAPPALA & SANCHEZ LLP
   251 Lafayette Circle, Suite 350
3  Lafayette, CA 94549
   Telephone: (925) 299-9600
4  Facsimile:    (925) 299-9608

5  Attorneys for Plaintiffs/Cross-Defendants
   VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS
6  PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM;
   RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING
7  GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC;
   TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER;
8  JOSHUA L. MITCHEM; STEVEN MITCHEM; and DUSTIN DERNIER

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF ORANGE

| VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM; RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC; TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER; JOSHUA L. MITCHEM; STEVEN MITCHEM, and, DUSTIN DERNIER,<br><br>Plaintiffs,<br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION; JOHN W. GARMAN; DELBERT DAILY; SHARANJEET PAUL; RETHA WALKER and, DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 30-2016-00878131-CU-MC-CJC<br><br>Honorable Frederick P. Aguirre<br><br>**ANSWER TO CROSS-COMPLAINT OF DEFENDANTS DELBERT DAILY, SHARANJEET PAUL AND RETHA WALKER** |
|---|---|

AND RELATED CROSS-ACTION

Cross-Defendants VIP PDL Service, LLC, d/b/a VIP Loan Shop; SCS Processing, LLC; Fast Efnds, a/k/a Fastefunds.Com; Rare Moon Media, LLC; Encompass Consulting Group, LLC;

E-Finance Call Center Support, LLC; Total Account Recovery, LLC; Jeremey D. Shaffer; Joshua L. Mitchem; Steven Mitchem; and Dustin Dernier ("Cross-Defendants"), for their Answer to the Cross-Complaint ("Cross-Complaint") of Delbert Daily, Sharanjeet Paul and Retha Walker ("Cross-Complainants") state:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Cross-Defendants deny each and every allegation contained therein, and the whole thereof, and deny that Cross-Complainants sustained injury or damage in the manner or amounts alleged or in any other manner or amount whatsoever, or at all.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

**Lack of Standing to Sue**

1. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part, because one or more of the Cross-Complainants did not contact any lender through Cross-Defendants or any affiliates thereof, and one or more of the Cross-Complainants also cannot serve as a proper class representative for the same reason.

## SECOND AFFIRMATIVE DEFENSE

**Lack of Standing to Sue**

2. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part, because they are unable to satisfy the special standing requirements of Business & Professional Code section 17204, and Cross-Complainants also cannot serve as proper class representatives for the same reason. Further, Cross-Complainants cannot serve as proper class representatives under the terms of the arbitration clause set forth in the alleged loan contracts, which precludes the Cross-Complainants from acting as class representatives.

### THIRD AFFIRMATIVE DEFENSE

**Lack of Jurisdiction, Arbitration, Applicable Law**

3. This Court lacks personal jurisdiction over Cross-Defendants. Cross-Complainants have not taken any action(s) that gives rise to the jurisdiction of the state or federal courts of California over them, except for California's Small Claims Courts pursuant to the arbitration agreement and the American Arbitration Association's Consumer Arbitration Rules. Cross-Complainants' claims are barred from pursuing their claims in this action because they have asserted identical claims in pending arbitration cases. Cross-Complainants' claims are barred in whole or in part by the arbitration clause set forth in the alleged loan contracts, which deprives this Court of jurisdiction. Cross-Complainants' claims, and those of the putative class members, against these Cross-Defendants are barred in whole or in part to the extent they are based upon contracts made outside of California, or involve contracts made under laws other than those of the State of California, because this Court lack jurisdiction over these claims. California Business & Professions Code section 17200 et seq. and California Financial Code section 23000 et seq. do not apply to and do not regulate actions and contracts made outside California. This Court lacks jurisdiction because the exercise of jurisdiction over the Cross-Defendants violates their due process rights under the Fifth and Fourteenth Amendments. This Court lacks jurisdiction pursuant to 18 U.S.C. § 1965 because Cross-Complainants cannot show that the "ends of justice" require that the Cross-Defendants be brought before this Court. Cross-Complainants cannot show that all the Cross-Defendants are connected to this suit. Further, full adjudication of this case does not require the presence of all of the Cross-Defendants.

### FOURTH AFFIRMATIVE DEFENSE

**Free Speech**

4. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part by the privileges of free speech afforded by the provisions of the United States Constitution, Amendment I, and California Constitution, Art. 1, sec. 2.

## FIFTH AFFIRMATIVE DEFENSE

**Interstate Commerce**

5. To the extent Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants purport to be based upon California Business & Professions Code section 17200 et seq. and California Financial Code section 23000 et seq., those claims are barred in whole or in part as impermissible burdens on interstate commerce prohibited by the United States Constitution, Art. 1, sec. 8, el. 2.

## SIXTH AFFIRMATIVE DEFENSE

**Absence of Indispensable Parties**

6. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part due to the absence of indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

**Unclean Hands**

7. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part by Cross-Complainants and the putative class members' unclean hands and inequitable conduct.

## EIGHTH AFFIRMATIVE DEFENSE

**Waiver**

8. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

**Estoppel**

9. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

**Laches**

10. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

**Statute of Limitations**

11. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 337, 338 and 340, and California Business & Professions Code section 17208. Cross-Complainants' claims, and those of the putative class members, are further barred in whole or in part by the statute of limitations for civil RICO claims established in *Agency Holding Corp. v. Malley-Duff & Associates*, 483 U.S. 143, 107 S.Ct. 2759 (1987).

## TWELFTH AFFIRMATIVE DEFENSE

**Failure to Meet Requirements of a Class Action**

12. Cross-Complaints cannot meet the elements required to certify a class of alleged Cross-Complainants.

## THIRTEENTH AFFIRMATIVE DEFENSE

**Unconstitutional Punitive Damage Claim**

13. The claim for punitive damages is barred because any award of punitive damages in this case would violate Cross-Defendants' constitutional rights under provisions of the United States Constitution and applicable state Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

**In Pari Delicto**

14. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part by the doctrine of *in pari delicto* because Cross-Complainants and the asserted putative class members, as well as other individuals and entities not under the control of the Cross-Defendants are equally at fault for any alleged wrongdoing by the Cross-Defendants and, therefore, recovery by Cross-Complainants and the asserted putative class members is not proper.

///

### FIFTEENTH AFFIRMATIVE DEFENSE

**Acting in Good Faith**

15. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part because the Cross-Defendants acted in good faith at all times and in all actions or omissions alleged in this lawsuit.

### SIXTEENTH AFFIRMATIVE DEFENSE

**Consent to Actions Complained Of**

16. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part because of Cross-Complainants and the asserted putative class members active consent and involvement in the basis for their claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**Not Part of Conspiracy or Common Purpose**

17. Cross-Complainants' claims, and those of the putative class members, against Cross-Defendants are barred in whole or in part because Cross-Defendants were not a part of the alleged conspiracy or common purpose, nor do they exist.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**Failure to State a Claim**

18. Cross-Complainants fail to state a claim upon which relief can be granted against the Cross-Defendants for all the reasons set forth herein.

### NINETEENTH AFFIRMATIVE DEFENSE

**No Private Cause of Action**

19. Cross-Complainants' claims are barred in whole or in part because the Finance Lenders Law does not provide for a private cause of action.

20. Cross-Defendants reserve the right to assert other affirmative defenses that become known during the course of discovery.

WHEREFORE, Cross-Defendants pray for judgment as follows:

1. That Cross-Complainants take nothing by reason of the Cross-Complaint on file herein;

2. For Cross-Defendants' cost of suit and attorneys' fees incurred herein; and

3. For such other and further relief as accordingly deemed just and proper.

Dated: November 15, 2016

BUSBY ZAPPALA & SANCHEZ LLP

By: _/s/ E. Sanchez_
RALPH A. ZAPPALA
ERIN S. SANCHEZ
Attorneys for Plaintiffs/Cross-Defendants
VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM; RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC; TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER; JOSHUA L. MITCHEM; STEVEN MITCHEM; and DUSTIN DERNIER

# PROOF OF SERVICE

I declare that: I am employed in the County of Contra Costa, State of California; I am over the age of 18 years and not a party to the within entitled action; my business address is 251 Lafayette Circle, Suite 350, Lafayette, California 94549.

On November 15, 2016 I served the **ANSWER TO CROSS-COMPLAINT OF DEFENDANTS DELBERT DAILY, SHARANJEET PAUL AND RETHA WALKER** on the interested parties below as follows:

[ X ] **VIA E-FILING SERVICE** – I used an e-filing vendor approved/ordered by this Court. The name of the e-filing vendor and the transaction receipt identification are given in the vendor's e-mailed Notification of Service.

> Jeffrey Wilens
> LAKESHORE LAW CENTER
> 18340 Yorba Linda Blvd., Suite 107-610
> Yorba Linda, CA 92886
>
> Jeffrey P. Spencer
> SPENCER LAW FIRM
> 903 Calle Amanecer, Suite 220
> San Clemente, CA 92673

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 15, 2016, at Lafayette, California.

_____
Sheila McNeill