**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**903 Calle Amanecer, Suite 220**
**San Clemente, CA 92673**
**949-240-8595**
**949-240-8515 (fax)**
**jps@spencerlaw.net**

**Attorneys for Cross-Complainants Delbert Daily,**
**Sharanjeet Paul and Retha Walker**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA,**

**SOUTHERN DIVISION**

| | |
|---|---|
| VIP PDL SERVICE, LLC, D/B/A. VIP LOAN SHOP, ET. AL. | ) Case No. 8:16-cv-02064 DOC (JCGx)<br>) Complaint filed September 29, 2016<br>) |
| Plaintiffs, | ) **Class Action**<br>) |
| v. | ) **CROSS-COMPLAINANTS'** |
| | ) **MOTION TO REMAND TO STATE** |
| AMERICAN ARBITRATION | ) **COURT AND REQUEST FOR** |
| ASSOCIATION, ET. AL.,| ) **ATTORNEY'S FEES OF $4,200** |
| | ) **POINTS AND AUTHORITIES,** |
| | ) **DECLARATION IN SUPPORT** |
| | ) **THEREOF** |
| | ) Hearing Date:  January 9, 2017, 8:30 am |
| | ) Department 9D |
| Defendants. | ) Hon. David O. Carter, Judge |
| AND RELATED CROSS-ACTIONS | )<br>) |

1

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on the 9th day of January 2017, at the hour of 8:30 a.m. or as soon thereafter as counsel may be heard in Department 9D of the United States District Court, 411 West 4th Street, Santa Ana, California, Cross-Complainants DELBERT DAILY, SHARANJEET PAUL, and RETHA WALKER will move pursuant to 28 U.S.C. § 1447 (c) for an order remanding the above entitled case to the state court.  Said motion will be made upon the grounds that there is no federal jurisdiction.

Cross-Complainants further requests that the court order Cross-Defendants pay Cross-Complainants their "just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . ." (28 U.S.C.A. §1447 (c).)  Cross-Complainants have submitted a declaration seeking fees and costs in excess of $4,200, but limits the request to that amount.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 16, 2017.

Said motion will be made on the grounds set forth in the accompanying memorandum of law.  This motion will be based upon this notice, the points and authorities set forth below, the attached declaration(s), any separate statement filed herewith, and the complete files

CROSS-COMPLAINANTS' MOTION TO REMAND TO STATE COURT 8:16-cv-02064-DOC

and records in this action.

DATED: November 23, 2016

                             Respectfully submitted,

                             By      _/s/_Jeffrey Wilens_____

                                   JEFFREY WILENS
                                   Attorney for Cross-Complainants

## **STATEMENT OF CASE**

Removing parties are VIP PDL SERVICES[1], LLC, d/b/a VIP LOAN SHOP, SCS PROCESSING, LLC, FAST EFNDS, a/k/a/ FASTEFUNDS.COM, RARE MOON MEDIA, LLC, ENCOMPASS CONSULTING GROUP, LLC, E-FINANCE CALL CENTER SUPPORT, LLC, TOTAL ACCOUNT RECOVERY, LLC, JEREMY D. SHAFFER, JOSHUA L. MITCHEM, STEVEN MITCHEM, and DUSTIN L. DERNIER.   For convenience, these parties will collectively be referred to as "VIP."

Parties seeking remand are DELBERT DAILY, SHARANJEET PAUL, and RETHA WALKER (collectively referred to as "Daily.")

VIP filed a state court lawsuit against Daily as well as the American Arbitration Association.   VIP sought injunctive and declaratory relief prohibiting Daily from arbitrating claims against VIP through the AAA. (Wilens Declaration, ¶ 8; Exhibit 1.)

Daily filed an answer to VIP's complaint and a class action cross-complaint in the state court.   The Cross-Complaint and Answer and are attached to the Notice of Removal as Exhibits 1 and 2.   In the Notice of Removal, VIP states it has filed a request to dismiss the complaint in the

[1]The original state court complaint referred to this company as "VIP PDL Service" while the cross-complaint corrected that to "VIP PDL Services" (plural). The loan documents and other records confirm the plural version of the name is the correct one.  Counsel for Cross-Defendants should clarify his client's correct name.

state court action.  VIP removed the action to federal court on November 16, 2016.

In summary, removing party VIP consists of <u>all</u> of the original state court plaintiffs and all of the state court cross-defendants.

## POINTS AND AUTHORITIES

## ARGUMENT

**I.   THE CASE MUST BE REMANDED BECAUSE A STATE COURT PLAINTIFF, EVEN ONE SUBJECTED TO A CROSS-COMPLAINT RAISING FEDERAL CLAIMS, CANNOT REMOVE THE ACTION TO FEDERAL COURT.**

VIP removed the state court action to federal court pursuant to 28 USC 1441 (a) and 1446.  It has long been settled that only a "defendant" can remove a state court action to federal court pursuant to these provisions. 28 USC § 1441 (a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ."  Section 1446 describes the procedures for removing a case and specifies what a "defendant or defendants" must do according to those procedures.

The statutory term "Defendant" is strictly construed to exclude a state court plaintiff who becomes a cross-defendant by virtue of a cross-complaint filed by the original defendants.  This rule of law was established by the United States Supreme Court in **1941** in <u>Shamrock</u> <u>Oil</u> <u>&</u> <u>Gas</u> <u>Corp</u>.

v. <u>Sheets</u> (1941) 313 U.S. 100.  In that case, the Supreme Court considered the exact question whether a suit in which a counterclaim is filed is one removable by the original plaintiff.  The Supreme Court definitively ruled that the plaintiff in the state court does not become "a defendant" for purposes of the removal statute by becoming a "cross-defendant" as a result of a counterclaim.  (<u>Id</u>. at pp. 108-109.)

Since <u>Shamrock Oil</u>, the law has been settled that a counterclaim defendant who is also a plaintiff in the original state action may not remove the case to federal court.  (<u>Westwood Apex</u> v. <u>Contreras</u> (9th Cir. 2011) 644 F.3d 799, 805; see also, <u>Progressive W. Ins. Co.</u> v. <u>Preciado</u> (9th Cir. 2007) 479 F.3d 1014, 1018 (CAFA did not alter Shamrock rule); <u>Am. Int'l Underwriters (Philippines), Inc.</u> v. <u>Cont'l Ins. Co.</u> (9th Cir. 1988) 843 F.2d 1253, 1260 (state court plaintiff is not a "defendant" who can remove case even if subject to a counterclaim); <u>Oregon Egg Producers</u> v. <u>Andrew</u> (9th Cir. 1972) 458 F.2d 382, 383 (categorically stating plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court); <u>Stanislaus Farm Supply</u> v. <u>Brady</u> (E.D.Cal. Nov. 5, 2009, No. 09-CV-01413-OWW-DLB) 2009 U.S.Dist.LEXIS 109734, at *7 (state court plaintiff

cannot remove case even after counterclaim filed by defendant); <u>Ranch Rock Corp</u>. v. <u>Allstate Eng'g</u> (C.D.Cal. May 13, 2014, No. 2:14-cv-03453-ODW(RZx)) 2014 U.S.Dist.LEXIS 66493, at *2-3 (plaintiff and counter-defendant is not a "defendant" who can remove case).)

There is a somewhat related question whether a third-party cross-defendant (i.e., not the state court plaintiff) can remove a lawsuit, with most courts across the nation and in the Ninth Circuit saying "no." (See, e.g., <u>Palisades Collections LLC</u> v. <u>Shorts</u> (4th Cir. 2008) 552 F.3d 327, 332; <u>Westwood Apex, supra</u>, 644 F.3d at p. 805.) However, this scenario is not present in the instant case because the cross-complaint was filed by the original defendants against the original plaintiffs and there are not third-party defendants.

During the meet and confer process, Daily's counsel provided the foregoing authority including <u>Shamrock Oil</u> and the Ninth Circuit cases following it to VIP's counsel. Her ultimate response was that all of those cases were "distinguishable." (Wilens Declaration, ¶ 2.)

It is anticipated VIP will argue it can make an end-run around the Shamrock Oil rule by dismissing the complaint in the state court and asking this Court to "realign" the parties so that VIP becomes the original "true defendants" before the propriety of removal is evaluated. There is no such

4

end-run available.

First, it does not appear the state court complaint was dismissed before removal.  The state court docket shows removal occurred on November 16, 2016.  On November 17, 2016, VIP served a request for dismissal on Daily, but not the one attached to the notice of removal.  As of November 21, 2016, the state court docket does not show any dismissal was entered.  (Wilens Declaration, ¶ 3.)

Second, no motion to realign parties was filed in state court. (Wilens Declaration, ¶ 4.)  Even if one is filed in federal court, it will make no difference.  Whatever impact realignment might have on the analysis of the existence of "complete diversity" of citizenship, a motion to realign is not a time machine that allows VIP to alter the reality that it filed the state court lawsuit against Daily and therefore was the original plaintiff not the original defendant.

Third, while there is very little case law discussing the tactics it appears VIP is trying to employ to create federal removal jurisdiction, one district court did reject the exact same tactic.  In <u>Gen</u>. <u>Credit</u> <u>Acceptance</u>, <u>Co</u>., <u>LLC</u> v. <u>Deaver</u> (E.D.Mo. June 3, 2013, No. 4:13CV00524 ERW) 2013 U.S.Dist.LEXIS 77303, at *13-14, the court considered whether a state court plaintiff confronted with a cross-complaint raising a federal claim could

dismiss the complaint and remove to federal court by asking the court to "realign" the parties. The court rejected that approach.

> The only justification for realignment here is that the original complaint by GCAC has been voluntarily dismissed, and GCAC no longer wishes to litigate in the forum it originally selected. This justification does not comprise a valid reason to grant GCAC a change in status for removal purposes. (Id. at p. *20.)

VIP was the plaintiff when the original complaint was filed. VIP sought relief from Daily and Daily sought no relief from VIP at that time. The parties were properly aligned at the time of the filing of the complaint.

The action must be remanded because the removing parties are the original state court plaintiffs and, as such, are not permitted to remove this case.

## II. ATTORNEY'S FEES SHOULD BE AWARDED.

The court has discretion under 28 U.S.C. § 1447 (c) to require VIP to pay Cross-Complainants' costs, including attorney's fees, in opposing the removal to federal court. "Just costs" include court costs and attorney's fees, regardless of whether Cross-Complainants have in fact paid such fees (e.g., where case is being handled on a contingency fee or pro bono basis). (Gotro v. R & B Realty Group (9th Cir. 1995) 69 F.3d 1485, 1488.) Cross-Complainants' counsel has submitted a declaration establishing "just costs"

related to VIP's improper removal to federal court will exceed $4,200. (Wilens Declaration, ¶¶ 6-7.)

The Supreme Court has established the standard for awarding attorney's fees and other costs if a motion to remand is granted. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." (Martin v. Franklin Capital Corp. (2005) 546 U.S. 132, 141. (See also, Lussier v. Dollar Tree Stores, Inc. (9th Cir. 2008) 518 F.3d 1062, 1065.)

Fees should be awarded here. VIP's removal was directly contrary to long-established rule announced in a 1941 Supreme Court decision and reiterated in very recent Ninth Circuit authority. During the meet and confer process, VIP's counsel never cited any case law authorizing this removal, while Daily's counsel cited the authorities referenced in this motion. (Wilens Declaration, ¶ 2.) No cases supporting removal jurisdiction are cited in the Notice of Removal either. In fact, VIP did not even attach the original state court complaint to the Notice of Removal and while it did not conceal the fact it was trying to remove a cross-complaint, it certainly did not acknowledge the significance of that fact either. Maybe it

thought no one would notice.   Finally, the case was removed two days before a scheduled deposition of two of the VIP parties and with other discovery requests pending.   (Wilens Declaration, ¶ 5.)   This timing suggests the removal was done to impede discovery.

## **CONCLUSION**

For the above stated reasons, Cross-Complainants respectfully urge the court to grant the motion to remand to the Orange County Superior Court and to award attorney's fees.

DATED: November 23, 2016

Respectfully submitted,

By     _/s/_Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Cross-Complainants

## <u>DECLARATION OF JEFFREY WILENS</u>

I, JEFFREY WILENS, hereby declare:

1. I am an attorney of record for Cross-Complainants in this matter. I could and would competently testify to the below stated facts of my own personal knowledge if called as a witness.

2. On November 16, 2016, I met and conferred with Erin Sanchez, counsel for VIP. I provided her a list of the legal authorities, including the Shamrock case and the leading Ninth Circuit cases cited in this brief, and asked her if she had any authority to the contrary. She did not. She subsequently notified me VIP will not withdraw the removal because it considers the Shamrock case to be "distinguishable."

3. The state court docket shows removal occurred on November 16, 2016. On November 17, 2016, VIP served a request for dismissal on Daily, but not the one attached to the notice of removal. As of November 21, 2016, the state court docket does not show any dismissal was entered.

4. No motion to align parties was filed in state court. While VIP claims it will file such a motion in federal court it was not filed as of my submission of this motion.

5. Moreover, removal was done to avoid discovery. On October 21, 2016, I served notices to depose two of the VIP parties with the depositions scheduled for November 18, 2016. On October 31, 2016, I served

requests for four of the VIP parties to produce documents.  Earlier in November, counsel for VIP informed me the deponents would not appear.  The removal was filed November 16, 2016.  The clear inference was the case was removed to delay discovery.

6. As a result of Defendant's removal of the state court action to federal court, Plaintiff has incurred or will incur reasonable expenses and attorney's fees in connection with this motion and the hearing thereon, totaling more than six hours at $700 per hour = $4,200 consisting of the following:  Review of Notice of Removal and Supporting Documents (one hour); Meet and confer with opposing counsel (one hour); Research and Preparation of Motion to Remand (four hours); Review Opposition(s), prepare any Reply (three hours); Court Appearance (one hour).

7. I have been a member of the California State Bar, without interruption, since December 1985.  My normal hourly billing rate for complex civil litigation or consumer litigation on a contingency fee basis is $700 per hour and I have been awarded attorney's fees at that rate, most recently on November 15, 2016 by this court in Hinshaw v. Vizio, Inc., case no. 14-CV-00876-DOC (ANx).

8. VIP filed a state court lawsuit against Daily as well as the American

Arbitration Association.  VIP sought injunctive and declaratory relief prohibiting Daily from arbitrating claims against VIP through the AAA. A true and correct copy of relevant parts of the original state court complaint is attached hereto as Exhibit 1 and incorporated thereby.  The exhibit does not include another 60 pages of exhibits to the complaint, such as copies of the loan agreements between VIP and Daily, and briefing and correspondence with the American Arbitration Association.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Executed on November 23, 2016, at Yorba Linda, California.

By     ___/s/ Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Cross-Complainants

1
RALPH A. ZAPPALA, II, SBN 102052
BUSBY & ZAPPALA LLP
2
251 Lafayette Circle, Suite 350
Lafayette, CA 94549
3
Telephone: (925) 299-9600
Facsimile:    (925) 299-9608
4

5
Attorneys for Plaintiffs
VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS
PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM;
6
RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING
GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC;
7
TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER;
JOSHUA L. MITCHEM; STEVEN MITCHEM; and DUSTIN DERNIER
8

9
SUPERIOR COURT OF THE STATE OF CALIFORNIA

10
COUNTY OF ORANGE

11
                                                        Judge Frederick P. Aguirre

12
VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS PROCESSING, LLC; FAST
| Case No.: 30-2016-00878131-CU-MC-CJC
13
EFNDS, a/k/a/ FastEfunds.COM; RARE MOON MEDIA, LLC; ENCOMPASS
| **COMPLAINT**
14
CONSULTING GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC; TOTAL
15
ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER; JOSHUA L. MITCHEM;
16
STEVEN MITCHEM, and, DUSTIN DERNIER

17
              Plaintiffs,
18
v.

19
AMERICAN ARBITRATION
ASSOCIATION; JOHN W. GARMAN;
20
DELBERT DAILY; SHARANJEET PAUL;
RETHA WALKER and, DOES 1-100,
21
inclusive,
22

23
              Defendants.

24

25
**PARTIES**

26
**Plaintiffs**

27
     1.     VIP PDL Service, LLC, d/b/a VIP Loan Shop, was a foreign limited liability
28
company organized under the laws of Nevis.

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
09/29/2016 at 01:30:01 PM
Clerk of the Superior Court
By Monique Ramirez,Deputy Clerk

COMPLAINT - 1

EXHIBIT 1:  STATE COURT COMPLAINT

2.      SCS Processing, LLC, was a foreign limited liability company organized under the laws of Nevis.

3.      Fast EFNDS, LLC a/k/a FastEfunds.com was a foreign limited liability company organized under the laws of Nevis.

4.      Rare Moon Media, LLC, is limited liability company organized under the laws of Kansas.

5.      Encompass Consulting Group, LLC, is a limited liability company organized under the laws of Kansas.

6.      E-Finance Call Center Support, LLC, is limited liability company organized under the laws of Delaware.

7.      Total Account Recovery, LLC, is a limited liability company organized under the laws of Delaware.

8.      Jeremey D. Shaffer is an individual domiciled in the state of Kansas.

9.      Joshua L. Mitchem is an individual domiciled in the state of Kansas.

10.     Steven Mitchem is an individual domiciled in the United States Virgin Islands.

11.     Dustin Dernier is an individual domiciled in the state of Missouri.

**<u>Defendants</u>**

12.     The American Arbitration Association ("AAA") is a corporation organized under the laws of New York with its principal place of business in the state of New York.  At all times relevant, AAA regularly conducted business activities in the state of California including maintaining offices in the state of California and administering the arbitration proceedings more thoroughly discussed below in the state of California.

13.     Based on information and belief, John W. Garman is an individual domiciled in the state of California.

14.     Based on information and belief, Delbert Daily is an individual domiciled in the state of California.

15.     Based on information and belief, Sharanjeet Paul is an individual domiciled in the state of California.

COMPLAINT - 2

EXHIBIT 1:  STATE COURT COMPLAINT

16.     Based on information and belief, Retha Walker is an individual domiciled in the state of California.

## JURISDICTION AND VENUE

17.     This court has original jurisdiction over this matter pursuant to Cal. Const. art. VI, § 10.

18.     Venue is proper in this Court pursuant to Cal. Civ. Proc. Code § 395 this dispute involves obligations under a contract with AAA that was to be performed in this county as each of the hearings in the Arbitration Actions defined below were to be held in this county.

## GENERAL FACTUAL ALLEGATIONS

19.     Plaintiff Fast EFNDS and Defendant Daily entered into a consumer loan and arbitration agreement on November 3, 2011.  A true and accurate copy of the consumer loan and arbitration agreement is attached hereto as Exhibit A.

20.     Plaintiff SCS Processing, LLC and Defendant Paul entered into a consumer loan and arbitration agreement on December 27, 2011.  A true and accurate copy of the consumer loan and arbitration agreement is attached hereto as Exhibit B.

21.     Plaintiff VIP PDL Services, LLC and Defendant Walker entered into a consumer loan and arbitration agreement on February 3, 2011.  A true and accurate copy of the consumer loan and arbitration agreement is attached hereto as Exhibit C.

22.     In each of the aforementioned consumer loan and arbitration agreements (the "Agreements"), the parties thereto (the "Parties") contractually agreed that "[a]ll parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal for disputes within the scope of such tribunal's jurisdiction."  *See* Exhibits A at 5(i), B at 5(i), and C at 8.

23.     The Agreements also include in capitalized bold-type the Parties' agreement that **"By entering this Agreement:…(ii) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES…."**  *Id*. at 5(c), 5(c) and 4 (emphasis in original).

EXHIBIT 1:  STATE COURT COMPLAINT

24.     In regards to selecting a forum for arbitration, the Agreements provide that "you shall have the right to select any of the following arbitration organizations to administer the arbitration" including AAA, JAMS, or a local arbitrator by agreement. *Id*. at 5(e), 5(e) and 6.

25.     Upon the selection of an arbitrator the Parties agreed that "[t]he parties to such dispute will be governed by the rules and procedures of such arbitration organization applicable to consumer disputes" and directed Defendants Daily, Paul, and Walker to where copies of rules and procedures could be obtained. *Id*.

26.     Consistent with the Agreements' provisions, AAA's Consumer Arbitration Rules provide that:

> R-9.     Small Claims Option for the Parties
>
> > If a party's claim is within the jurisdiction of a small claims court, either party may choose to take the claim to that court        instead of arbitration as follows:
> >
> > > (a)      The parties may take their claims to small claims court without first filing with the AAA.
> > >
> > > (b)      After a case is filed with the AAA, but before the arbitrator is formally appointed to the case by the AAA, a party can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case.
> > >
> > > (c)      After the arbitrator is appointed, if a party wants to take the case to small claims court and notifies the opposing party and the AAA, it is up to the arbitrator to determine if the case should be decided in arbitration or if the arbitration case should be closed and the dispute decided in small claims court.

27.     Defendants Daily, Paul, and Walker through assistance of counsel chose to file arbitration cases with AAA (the "Arbitration Actions") subject to AAA's Consumer Arbitration Rules including Rule 9.

28.     In 2015 and 2016, counsel for Defendants Daily, Paul, and Walker commenced more than 130 separate arbitration actions (including actions on behalf of Defendants Daily, Paul, and Walker) against Plaintiffs to be administered by AAA.

EXHIBIT 1:  STATE COURT COMPLAINT

29.     The Arbitration Actions asserted various violations under California and Federal law.

30.     Upon the filing of the Arbitration Actions, AAA provided written notice to counsel for Plaintiffs and Defendants Daily, Paul, and Walker confirming the commencement of the action and that "[t]he **Consumer Arbitration Rules** have been applied to this matter."

31.     In January 2016—before an arbitrator was appointed—Plaintiffs elected to have the Arbitration Actions administratively closed by AAA and decided by a small claims court.

32.     Plaintiff provided written notice of this election pursuant to AAA's Consumer Arbitration Rule 9(b) to counsel of Defendants Daily, Paul, and Walker and also Tara Parvey, AAA's Director of Case Filing Services.

33.     Pursuant to Rule 9(b), AAA was required to administratively close the Arbitration Actions upon Plaintiffs' written notice.

34.     Contrary to Rule 9(b), Ms. Parvey permitted counsel for Defendants Daily, Paul, and Walker to object to Plaintiffs' election.

35.     After considering the objections of Defendants Daily, Paul, and Walker, Ms. Parvey on behalf of AAA declined on January 27, 2016 to administratively close the arbitration actions stating:

> We have considered the parties' comments regarding respondents' request to exercise the small claims option set forth in R-9 of the Consumer Arbitration Rules (Rules).  As noted in the Rules, the AAA will comply with any court orders issued from litigation involving the parties to disputes.  Accordingly, the AAA has determined that it will proceed with administration of the claimants' demands for arbitration.  The parties may raise the issues presented in their comments to the appointed arbitrators.

36.     That same day, Plaintiffs objected to AAA's decision and requested that Ms. Parvey and AAA reconsider the decision because Plaintiffs had not been parties to any lawsuit in which a court order had been issued that would have required AAA's adherence.

37.     On February 5, 2016, Neil Currie, Vice President of AAA, notified Plaintiff VIP PDL Services, LLC that the arbitration clause contained in the Agreements had been

EXHIBIT 1:  STATE COURT COMPLAINT

1  administratively reviewed by AAA "to determine whether the clause complies with the AAA's

2  minimum due process standards in consumer arbitrations."

3      38.    Mr. Currie confirmed that AAA would administer disputes commenced pursuant

4  to the arbitration clause but stated that AAA's willingness to do so was contingent upon

5  Plaintiff's "willingness to have all present and future consumer related-disputes that are handled

6  by the AAA administered in accordance with the Consumer Rules and the Protocol."

7      39.    On February 22, 2016, the parties to the Arbitration Actions stipulated that

8  Plaintiffs had a standing election pursuant to the arbitration agreement and Rule 9 of the AAA

9  Consumer Rules to have "all pending and future cases…decided in small claims court."

10      40.    Despite AAA's repeated assertion that the Consumer Arbitration Rules would be

11  applied to the Arbitration Actions and Plaintiffs' timely election pursuant to Rule 9 of the

12  Consumer Arbitration Rules to have the Arbitration Actions decided by a small claims court,

13  AAA declined to administratively close the Arbitration Actions in contravention of the

14  Consumer Arbitration Rules and the Agreements.

15      41.    On April 5, 2016, John W. Garman was appointed by AAA as the arbitrator with

16  respect to the Arbitration Actions of Defendants Daily, Paul, and Walker.

17      42.    To date, AAA has not appointed arbitrators to the Arbitration Actions, other than

18  the cases filed by Defendants Daily, Paul, and Walker, because those cases were held in

19  abeyance after they were filed.

20      43.    A preliminary telephone conference with Mr. Garman occurred on May 3, 2016

21  during which Mr. Garman set a briefing schedule regarding the Plaintiffs' small claims court

22  election.

23      44.    After completion of briefing, Mr. Garman ruled on June 27, 2016 that the

24  Arbitration Actions may proceed because:

25        18.  Additionally, attached as Exhibit A to Claimant's Opposition to Respondent's Motion to "Close" the Arbitration Cases is a

26        Notice of Entry of Order Granting Petition to Compel Arbitration, Case No. RG12652919, dated November 25, 2015 and the Order

27        Compelling Arbitration, Case No. RG12652919, dated November 17, 2015 from the Superior Court of California, County of

28        Alameda.  Also attached to this Exhibit A is an Order Granting

EXHIBIT 1:  STATE COURT COMPLAINT

Renewed Motion to Compel Arbitration and Dismissing Claims in Favor of Arbitration dated January 12, 2015, Case No. C 13-01171 JSW, from the United States District Court for the Northern District of California.  Although these court orders do not include the same Claimants as the present matters, they do include some of the same Respondents as the present matters.

19.  Interesting to note, the Order as to the Petition to Compel Arbitration from the Superior Court of California, County of Alameda lists attorney Paul M. Croker, Pro Hac Vice, as the attorney representing the Defendants in that case as the attorney for the moving party seeking arbitration. Additionally, Mr. Croker is listed on the Proof of Service for that Order.

20.  Further, California attorney Ralph A. Zappala is also listed as the attorney of record for Defendants in the Superior Court of California, County of Alameda as the attorney representing the Defendants in that case as the attorney for the moving party seeking arbitration.

21.  It appears to the undersigned Arbitrator that attorney Zappala is the same Ralph Zappala that is referred to in Respondent's Reply Brief Regarding Election to Adjudicate Disputes in California's Small Claims Court identifying attorney Zappala as Respondents local counsel in California.

22.  As such, it seems to the undersigned Arbitrator that cases similar to the ones at bar have been ordered into arbitration in both the Superior Court of the State of California and the United States District Court at the request of Respondents attorneys, both local California counsel Zappala and Pro Hac Vice counsel Croker.

A true and accurate copy of Mr. Garman's June 27, 2016 ruling is attached hereto as Exhibit D.

45.     Defendants Daily, Paul, and Walker were not parties to the lawsuits referenced and relied upon by Mr. Garman in his ruling and, therefore, Defendants Daily, Paul, and Walker were not governed by the subject court orders issued in those lawsuits.

46.     Furthermore, the subject court orders issued in the lawsuits referenced and relied upon by Mr. Garman in his ruling were not binding on Plaintiffs Rare Moon Media, Josh Mitchem or Jeremy Shaffer with respect to the Arbitration Actions.

47.     Plaintiffs VIP PDL Service, LLC, SCS Processing, LLC, Fast EFNDS, LLC Encompass Consulting Group, LLC, E-Finance Call Center Support, LLC, Total Account Recovery, LLC, Steven Mitchem, and Dustin Dernier were not defendants in the lawsuits cited by Mr. Garman in his ruling.

COMPLAINT - 7

EXHIBIT 1:  STATE COURT COMPLAINT

48.     Plaintiffs served written objections to Mr. Garman's ruling on July 12, 2016 to Cathe Stewart, Assistant Vice President of AAA and its Director of Consumer Operations.  A true and accurate copy of the July 12, 2016 written objections is attached hereto as Exhibit E.

49.     Plaintiffs' objected that:

> Respondents object to AAA's refusal to make a determination regarding the Respondents' Election to have these cases decided in small claims court pursuant to Rule 9 and the Arbitration Agreements. Respondents also object to AAA having the Arbitrator make this determination, because Rule 9 expressly requires AAA to make this administrative decision.
>
> Respondents object to the Arbitrator's denial of Respondents' Election pursuant to Rule 9 and the Arbitration Agreements, because the denial is in violation of the same. Rule 9 and the Arbitration Agreements are in harmony as they both provide that either party may elect to have these disputes decided in small claims court. Further, Rule 9(b) expressly provides that either party may elect to have these cases decided in small claims court after the arbitration cases were filed with AAA. Moreover, these disputes are within the jurisdiction of the California small claims courts. Therefore, after the Respondents provided written notice of their election to have these cases decided in small claims court, the AAA was required to administratively close these cases as per Rule 9(b).

Exhibit E at p. 5.

50.     Plaintiffs requested that AAA sustain its objections to AAA's refusal to make a determination regarding the Respondents' election to have these cases decided in small claims court pursuant to Rule 9 and the Arbitration Agreements and Mr. Garman's ruling and administratively close the Daily, Paul and Walker cases, or submit the issues to AAA's Administrative Review Council or similar reviewing body of AAA.

51.     On August 29, 2016, counsel for Respondents followed up with Cathe Stewart with AAA regarding the written objections Respondents previously submitted to her and AAA on July 12, 2016.

52.     On August 25, 2016, Mr. Garman denied Plaintiffs' request to hold the arbitration proceedings in abeyance until a ruling on the objections from AAA and instead ordered that the Parties proceed with arbitration.

EXHIBIT 1:  STATE COURT COMPLAINT

53.     On September 6, 2016, Ms. Stewart declined on behalf of AAA to consider Plaintiffs' objections because "jurisdiction now lies with Arbitrator Garman" and AAA "as a purely administrative agency, has no authority to review or upset an arbitrator's ruling, or to reverse any of the arbitrator's determinations."

54.     Plaintiffs exhausted any and all remedies available to them under the policies and procedures of AAA in an effort to provide AAA an opportunity to correct its erroneous jurisdictional determination.

55.     California's small claims court is a court of competent jurisdiction with jurisdiction over the claims asserted by Daily, Paul, and Walker in the Arbitration Actions.

**COUNT I – INJUNCTIVE RELIEF**

56.     Plaintiffs hereby incorporate by reference each and every allegation of this Complaint as if fully set forth herein.

57.     Plaintiffs are likely to prevail on the merits of their claims as alleged herein because Defendants AAA and Mr. Garman have refused and continue to refuse to administratively close the Arbitration Actions and instead continue to proceed in clear excess of their jurisdiction to arbitrate in contravention of the Agreements and AAA's Consumer Arbitration Rules.

58.     Until Defendant AAA's and Mr. Garman's wrongful conduct is enjoined and restrained by this Court, Plaintiffs will suffer immediate and irreparable injury in that they (a) will be forced to arbitrate matters in contravention of the Agreements and AAA's Consumer Arbitration Rules and (b) will continue to incur attorney's and arbitrator's fees that they would not otherwise incur in small claims court.

59.     Plaintiffs have no adequate remedy at law to prevent Defendants AAA and Mr. Garman from proceeding with arbitration in excess of jurisdiction and in violation of Plaintiffs' rights.

60.     In contrast, no harm will be sustained by Defendants if injunctive relief is granted because such relief will be consistent with the Agreements and the Consumer Arbitration Rules which set forth the rights and duties of all parties to this action and Defendants Daily, Paul, and

EXHIBIT 1:  STATE COURT COMPLAINT

Walker can pursue their claims asserted in the Arbitration Actions in California's small claims court.

61. Pecuniary compensation will not afford adequate relief to Plaintiffs.

62. As a result, pursuant to Cal. Civ. Proc. Code §§ 526, 527, and Cal. Civ. Code §§ 3420-3422, Plaintiffs are entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining Defendants AAA and Mr. Garman from further arbitrating the Arbitration Actions which must be administratively closed pursuant to Rule 9 of the Consumer Arbitration Rules, the Agreements, and Plaintiffs' small claims court election.

<strong>COUNT II – DECLARATORY JUDGMENT</strong>

63. Plaintiffs hereby incorporate by reference each and every allegation of this Complaint as if fully set forth herein.

64. The Agreements, AAA's Consumer Arbitration Rules, and AAA's repeated written notices to Plaintiffs that the Consumer Arbitration Rules were being applied and binding in the Arbitration Actions, all constitute written instruments or contracts, either express or implied, that set forth the legal rights and duties of all the parties to this action.

65. An actual controversy exists because Defendants AAA and Mr. Garman have refused and continued to refuse to administratively close the Arbitration Actions and instead continue to proceed in clear excess of their jurisdiction to arbitrate and in contravention of the Agreements and AAA's Consumer Arbitration Rules.

66. Pursuant to Cal. Civ. Proc. Code § 1060, Plaintiffs seek a judicial determination of the rights and duties of the parties to the Arbitration Actions and a declaration that Defendants AAA and Mr. Garman are without jurisdiction to proceed with arbitration and that the Arbitration Actions must be administratively closed pursuant to Plaintiff's small claims court election and Rule 9 of AAA's Consumer Arbitration Rules.

67. A judicial declaration is necessary and proper at this time under the circumstances in order to prevent further arbitration in excess of jurisdiction by Defendants AAA and Mr. Garman.

WHEREFORE, Plaintiffs respectfully request the following relief:

EXHIBIT 1:  STATE COURT COMPLAINT

a.   The entry of a Temporary Restraining Order, and thereafter a Preliminary Injunction providing that Defendants are enjoined and restrained from further proceeding with arbitration in the Arbitration Actions until hearing of this matter and thereafter until further Order of this Court;

b.   A Permanent Injunction enjoining and restraining Defendants from proceeding with arbitration in the Arbitration Actions;

c.   A judgment declaring that Defendant AAA and Mr. Garman are arbitrating in excess of their jurisdiction in violation of Rule 9 of AAA's Consumer Arbitration Rules and that the Arbitration Actions must be administratively closed without further arbitration; and

d.   Such further relief as the Court deems just and proper.

Dated: September 29, 2016

BUSBY & ZAPPALA LLP

By: _____
      RALPH A. ZAPPALA
Attorneys for Plaintiffs
VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM; RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC; TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER; JOSHUA L. MITCHEM; STEVEN MITCHEM; and DUSTIN DERNIER

EXHIBIT 1:  STATE COURT COMPLAINT