1  RALPH A. ZAPPALA, SBN 102052
   ERIN S. SANCHEZ, SBN 238450
2  BUSBY ZAPPALA & SANCHEZ LLP
   251 Lafayette Circle, Suite 350
3  Lafayette, CA 94549
   Telephone: (925) 299-9600
4  Facsimile:     (925) 299-9608
   rzappala@bzlawllp.com
5  esanchez@bzlawllp.com

6  Attorneys for Plaintiffs/Cross-Defendants
   VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS
7  PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM;
   RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING
8  GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC;
   TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER;
9  JOSHUA L. MITCHEM; STEVEN MITCHEM; and DUSTIN DERNIER

10

                  IN THE UNITED STATES DISTRICT COURT

11                FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                          SOUTHERN DIVISION

13

14  VIP PDL SERVICE, LLC, d/b/a VIP LOAN          Case No.:  8:16-cv-02064
    SHOP; SCS PROCESSING, LLC; FAST
15  EFNDS, a/k/a/ FastEfunds.COM; RARE
    MOON MEDIA, LLC; ENCOMPASS
16  CONSULTING GROUP, LLC; E-FINANCE            CROSS-DEFENDANTS' NOTICE OF
    CALL CENTER SUPPORT, LLC; TOTAL            MOTION AND MOTION TO COMPEL
17  ACCOUNT RECOVERY, LLC; JEREMEY             ARBITRATION AND SMALL CLAIMS
    D. SHAFFER; JOSHUA L. MITCHEM;             ADJUDICATION AGREEMENTS;
18  STEVEN MITCHEM, and, DUSTIN                 MEMORANDUM IN SUPPORT
    DERNIER
19
                                               **DATE:**      **January 9, 2017**
20              Plaintiffs,                     **TIME:**      **8:30 a.m.**
    v.                                          **PLACE:**     **Courtroom 9C**
21                                                             **411 West Fourth Street, 9th Fl.**
    AMERICAN ARBITRATION                                       **Santa Ana, California**
22  ASSOCIATION; JOHN W. GARMAN;
    DELBERT DAILY; SHARANJEET PAUL;
23  RETHA WALKER and, DOES 1-100,
    inclusive,
24
25              Defendants.
    ──────────────────────────────
26
27  AND RELATED CROSS-ACTION
    ──────────────────────────────
28

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 9, 2017 at 8:30 a.m. before the Honorable David O. Carter, in Courtroom 9C of the above-entitled Court located at 411 West Fourth Street, Ninth Floor, Santa Ana, California, or at such other time and place as designated by the Court, Cross-Defendants will and hereby do move this Court to enforce the parties' arbitration and small claims adjudication agreements in accordance with the terms of those agreements.  Cross-Complainants assert claims in this action that are identical to claims that they voluntarily filed and are presently pursuing in pending arbitration actions with the American Arbitration Association ("AAA").  The arbitration agreements between the parties also reserved to the parties the right to elect to have the claims decided by a small claims court.  Despite such an election by the Cross-Defendants, Cross-Complainants persist in proceeding with arbitration. Cross-Complainants' claims in this action must be dismissed and the parties ordered to small claims adjudication or, in the alternative, arbitration consistent with the terms of their arbitration agreements.

### MEMORANDUM IN SUPPORT

### I.    FACTUAL BACKGROUND

In or about February 2016, Cross-Complainants commenced arbitration actions with AAA against Cross-Defendants[1] (the "Arbitration Actions").  See Arbitration Filings, attached to the Declaration of Erin S. Sanchez ("Sanchez Decl.") as Exhibit 1, 2, and 3.  The Arbitration Actions are still pending and a decision by the arbitrator on the merits has not been reached.  At issue in the Arbitration Actions as well as in this action are consumer loan and arbitration agreements entered into between (1) Cross-Defendant Fast EFNDS and Cross-Complainant Daily on November 3, 2011; (2) Cross-Defendant SCS Processing, LLC and Cross-Complainant Paul on December 27, 2011; and (3) Cross-Defendant VIP PDL Services, LLC and Cross-

---

[1] Cross-Defendants have contemporaneously moved the Court to realign the parties because Cross-Complainants are the only parties asserting affirmative claims in this action and, therefore, Cross-Complainants should be realigned as the Plaintiffs and Cross-Defendants should be realigned as the Defendants.

Complainant Walker on February 3, 2011, respectively attached to Sanchez Decl. as Exhibits 4, 5, and 6 (the "Agreements"). Cross-Complainants assert in both the Arbitration Actions and in this action that the remaining Cross-Defendants assisted with the procurement of the Agreements and made all decisions pertaining to related operations. *See* Cross-Complaint, attached to Sanchez Decl. as Exhibit 7, at ¶ 21-25; Exhs., 1, 2, and 3 at ¶ 17.

In each of the Agreements the parties thereto contractually agreed to submit disputes to an arbitrator and that "[a]ll parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal for disputes within the scope of such tribunal's jurisdiction." *See* Sanchez Decl. Exh. 4 at ¶ 5(i), Exh. 5 at ¶ 5(i), Exh. 6 at ¶ 8. The Agreements also include in capitalized bold-type the Parties' agreement that **"By entering this Agreement:…(ii) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES…."** *See* Sanchez Decl. Exh. 4 at ¶ 5(c), Exh. 5 at ¶ 5(c), Exh. 6 at ¶ 4 (emphasis in original).

The provision further states that **"(iii) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES."** *Id*. (emphasis in original).

In regards to selecting a forum for arbitration, the Agreements provide that "you shall have the right to select any of the following arbitration organizations to administer the arbitration" including AAA, JAMS, or a local arbitrator by agreement. *See* Sanchez Decl. Exh. 4 at ¶ 5(e), Exh. 5 at ¶ 5(e), Exh. 6 at ¶ 6. Upon the selection of an arbitrator the parties agreed that "[t]he parties to such dispute will be governed by the rules and procedures of such arbitration organization applicable to consumer disputes" and directed Cross-Complainants Daily, Paul, and Walker to where copies of rules and procedures could be obtained. *Id*.

Consistent with the Agreements' provisions, AAA's Consumer Arbitration Rules provide that:

R-9.  Small Claims Option for the Parties

If a party's claim is within the jurisdiction of a small claims court, either party may choose to take the claim to that court instead of arbitration as follows:

(a) The parties may take their claims to small claims court without first filing with the AAA.

(b) After a case is filed with the AAA, but before the arbitrator is formally appointed to the case by the AAA, a party can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case.

(c) After the arbitrator is appointed, if a party wants to take the case to small claims court and notifies the opposing party and the AAA, it is up to the arbitrator to determine if the case should be decided in arbitration or if the arbitration case should be closed and the dispute decided in small claims court.

*See* R-9, attached to Sanchez Decl. as Exhibit 8.

Pursuant to the Agreements, Cross-Complainants Daily, Paul, and Walker through assistance of counsel chose to file the Arbitration Actions with AAA subject to AAA's Consumer Arbitration Rules including Rule 9.  *See* Sanchez Decl. Exhs. 1, 2, and 3.  The Arbitration Actions asserted various violations under California and Federal law that are identical to their claims asserted in this action.  *Id*.  Upon the filing of the Arbitration Actions, AAA provided written notice to counsel for Cross-Defendants and Cross-Complainants Daily, Paul, and Walker confirming the commencement of the action and that "[t]he **Consumer Arbitration Rules** have been applied to this matter."  *See* AAA's Notices of Filing attached to Sanchez Decl. as Exhibits 9, 10, and 11.

Consistent with the Agreements and R-9 of AAA's Consumer Arbitration Rules, Cross-Defendants – prior to the appointment of an arbitrator – elected in writing to have Cross-Complainants' arbitration claims administratively closed and decided by California's small claims court.  *See* Small Claims Court Election, attached to Sanchez Decl. as Exhibit 12.  Despite this election, Cross-Complainants continue to oppose administrative closure of their arbitration actions and persist that AAA proceed with arbitration including proceeding with discovery.  *See* E-mail Correspondence from Cross-Complainants' Counsel dated September 30, 2016, attached to Sanchez Decl. as Exhibit 13.

## II.      ARGUMENT AND AUTHORITIES

### A. THE AGREEMENTS MUST BE ENFORCED ACCORDING TO THEIR TERMS.

Cross-Complainants' claims in this action must be dismissed pursuant to the terms of their Agreements with Cross-Defendants.   The Agreements explicitly invoke the Federal Arbitration Act.  *See* Sanchez Decl. Exh. 4 at ¶ 5(j), Exh. 5 at ¶ 5(j) ("This Agreement is made pursuant to a transaction involving commerce and shall be governed by the United States Federal Arbitration Act" ("FAA"), Sanchez Decl. Exh. 6 at ¶ 9 ("This Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA").  "Supreme Court precedent…has made it abundantly clear that arbitration agreements must be enforced according to their terms unless Congress has given an express contrary command."  *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 998 (9th Cir. 2016).  See also *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (stating that a court must "enforce the arbitration agreement in accordance with its terms").   Courts "must enforce the parties' agreement according to its terms, even if the result is inefficient."  *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 840 (9th Cir. 2010).

Indeed, although not involving all of the same parties, the United States District Court for the Northern District of California and the Superior Court of California, County of Alameda both compelled arbitration and enforced the class action waiver because the very language of these Agreements must be enforced.  *See Gilbert v. Bank of Am., et al.*, No. C 13-01171 JSW (N.D. Cal. Jan. 12, 2015) (Doc. 160, Order Granting Renewed Motion To Compel Arbitration By Rare Moon Defendants And Dismissing Claims In Favor Of Arbitration), attached to Sanchez Decl. as Exhibit 14; *Pham v. JPMorgan Chase Bank, N.A., et al.*, No. RG12652919 (Cal. Super. Ct., Cnty. of Alameda Nov. 7, 2014) (Order Granting Petition To Compel Arbitration), attached to Sanchez Decl. as Exhibit 15.

Cross-Complainants' voluntary commencement of the Arbitration Actions without reserving any right to object to the arbitration process confirms their own understanding that they are bound by the terms of these Agreements.

**B. CROSS-COMPLAINT PLAINTIFFS WAIVED OPPOSING ENFORCEMENT OF THE AGREEMENTS BY VOLUNTARILY COMMENCING ARBITRATION.**

Cross-Complainants cannot oppose dismissal of this action by this Court because their claims herein are identical to those that they are presently pursuing in the pending Arbitration Actions and that they themselves commenced pursuant to the Agreements. "Once a claimant submits to the authority of the arbitrator and pursues arbitration, he cannot suddenly change his mind and assert lack of authority." *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1440 (9th Cir. 1994). A plaintiff's "voluntary initiation of arbitration can be interpreted as waiver of any objection he may have had over the authority of the arbitrator." *Id.* See also *Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir. 1983) ("It would be unreasonable and unjust to allow [a party] to challenge the legitimacy of the arbitration process, in which he had voluntarily participated over a period of several months, shortly before the arbitrator announced her decision"); *Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964) ("The rule is sometimes stated in terms of waiver: A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act"); *Roderick v. Mazzetti & Associates, Inc.*, No. C 04-2436 MHP, 2004 WL 2554453, at *5 (N.D. Cal. Nov. 9, 2004) ("[I]t is the initiation of arbitration, not the termination of it, which renders the arbitration process binding on the parties").

Here, the terms of the Agreements require the parties to arbitrate any disputes while reserving to the parties the option to elect adjudication through a small claims court. *See* Sanchez Decl. Exh. 1 at ¶ 5(i), Exh. 2 at ¶ 5(i), Exh. 3 at ¶ 8. Furthermore, the right to elect small claims adjudication was reinforced by the Agreements' incorporation of AAA's Consumer Arbitration Rules including R-9 which authorizes a party to elect to administratively close arbitration and proceed to have the case decided by a small claims court. *See* Sanchez Decl., R-9(b), Exh. 1 at ¶ 5(e), Exh. 2 at ¶ 5(e), Exh. 3 at ¶ 6 (agreeing to abide by the consumer rules of the selected arbitration organization). California's Small Claims Court is a court of competent jurisdiction capable of adjudicating Cross-Complainants' claims. *Miller v. Mun. Court of City of Los Angeles*, 22 Cal. 2d 818, 851, 142 P.2d 297, 316 (1943). Accordingly, the Court must

dismiss Cross-Complainants' claims and Order the parties to proceed with small claims adjudication or, in the alternative, arbitration as provided by the terms of the Agreements.[2]

### C. THE AGREEMENTS' CLASS ACTION WAIVERS MUST ALSO BE ENFORCED.

As stated above, the Agreements clearly and conspicuously provide that when the Cross-Complainants entered into the subject Agreements, they waived their right to have a trial by jury or court other than small claims, serve as a representative, a private attorney, or in any other representative capacity, and/or to participate as members of a class of claimants in any lawsuit filed against the lenders or any related third parties ("Class Action Waiver").  *See* Sanchez Decl., Exh. 4 at ¶ 5(c), Exh. 5 at ¶ 5(c), Exh. 6 at ¶ 4 (emphasis in original).  The Class Action Waiver is enforceable based on the clear and comprehensive language waiving class and representative claims.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011).

### D. NON-SIGNATORIES ARE ENTITLED TO ENFORCE THE AGREEMENTS.

While not all Cross-Defendants were signatories to the Agreements, all Cross-Defendants have standing to compel enforcement of the arbitration and small claims adjudication terms of the Agreements.  Cross-Complainants cannot contest this point because they voluntarily named the Cross-Defendants as parties in the pending Arbitration Actions.  Out of an abundance of caution, however, Cross-Defendants emphasize that they are entitled under federal and California law to enforce the terms of the Agreements.

First, and without conceding the truth or accuracy of the allegations, Cross-Defendants may enforce the Agreements because Cross-Complainants allege an agency relationship between the non-signatories and the named lending parties to the Agreements.  Non-signatory agents may compel enforcement of the terms of arbitration agreements when the alleged wrong acts of the agents for which they are sued relate to their actions as agents and when those claims arise out of

---

[2] Cross-Defendants expressly reserve the right to move to dismiss for failure to state a claim or for summary judgment on any and all causes of action alleged against them by Cross-Complainants in this action.  They do not concede the accuracy of any facts alleged by Cross-Complainants in their Cross-Complaint or the legal assumptions therein regarding the viability of their claims.  To the extent Cross-Defendants rely on Cross-Complainants' allegations or assertions in this Motion, they only do so for purposes of this Motion.

the contract containing the arbitration clause.  See *Swift v. Zynga Game Network, Inc.*, 805 F.Supp.2d 904, 916 (N.D. Cal. 2011); *Comer v. Micor, Inc.*, 278 F.Supp.2d 1030 (N.D. Cal. 2003).  When an entity enters into a contract containing an arbitration clause, its agents are also beneficiaries of that clause.  *Dryer v. Los Angeles Rams*, 40 Cal.3d 406, 419 (Cal. 1985) (holding that "the individual defendants, though not signatories, were acting as agents for the [defendant], then they are entitled to the benefit of the arbitration provisions" because otherwise "it is not clear that these defendants belong in this suit at all").

There is no doubt that Cross-Complainants' allegations are sufficient to meet the requirements for the Cross-Defendants to compel enforcement of the Agreements' terms.  Cross-Complainants' own allegations are telling.  As noted above, the Cross-Complaint and the Arbitration Filings both allege an agency relationship between all the Cross-Defendants and the Cross-Complainants certainly base their claims on the Agreements that contain the arbitration and small claims adjudication provisions.  By virtue of Cross-Complainants' allegations, all Cross-Defendants may enforce the terms of the Agreements based on agency theory.

Second, the Cross-Defendants are third-party beneficiaries of the agreement, who may compel enforcement of the Agreements' terms.  *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233 (9th Cir. 2013).  Third-party beneficiaries and other non-signatories are entitled to invoke the terms of an arbitration agreement (or conversely, may be bound to their enforcement) because of the Ninth Circuit's strong policy of favoring the recognition and enforcement of arbitration clauses.  *See* e.g. *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1188 (9th Cir. 1986); 9 U.S.C. § 4.  California law thus provides that all Cross-Defendants are entitled to invoke the terms of the Agreements.  *Boucher v. All. Title Co., Inc.*, 25 Cal. Rptr. 3d 440, 446 (Cal. Ct. App. 2005).

Cross-Defendants are third-party beneficiaries because they clearly fall within the Agreements' definition of "related third parties."  This is especially true when the definition of "related third parties" is read together with language defining the scope of the Agreements' arbitration and small claims adjudication terms.  Related third parties are defined as "employees, agents, directors, officers, shareholders, governors, managers, members, parent company or

affiliated entities." *See* Sanchez Decl., Exh. 4 at ¶ 5(b)(vii), Exh. 5 at ¶ 5(b)(vii), Exh. 6 at ¶ 3(g).  The scope of the Agreements provide that "the words 'dispute' and 'disputes' are given the broadest possible meaning, and include, without limitation ... all claims, disputes or controversies arising from or relating directly or indirectly to the signing of this Agreement…." *See* Sanchez Decl., Exh. 4 at ¶ 5(b)(i), Exh. 5 at ¶ 5(b)(i), Exh. 6 at ¶ 3(a).

Not only do all Cross-Defendants generally fall under this broad definition of related third parties, but as mentioned above, Cross-Complainants also allege that the Cross-Defendants are agents of the lending parties.  Put another way, the distance between the non-signatory Cross-Defendants and the subject loan transaction that would be necessary to take them outside the scope of the "related third parties" definition would also insulate them from liability for the subject loan transaction.  Accordingly, as third-party beneficiaries, the Cross-Defendants may compel enforcement of the Agreements' terms.

Finally, the Cross-Defendants may compel enforcement of the Agreements' terms based on equitable estoppel.  When a non-signatory attempts to invoke the provisions of an arbitration clause, the party seeking to avoid enforcement is estopped from such avoidance when that party must rely on the terms of the written agreement in asserting its claims or when those claims are intertwined with the underlying contract.  *Murphy v. DirecTV, Inc., 724 F.3d 1218, 1229 (9th Cir. 2013)*.  Here, it is clear that all of the Cross-Complainants claims against the Cross-Defendants are entirely predicated on the Agreements.  Furthermore, Cross-Complainants already named all the Cross-Defendants in the pending Arbitration Actions.  Thus, all Cross-Defendants are entitled to invoke the arbitration and small claims adjudication terms of the Agreements.

## III.   CONCLUSION

Cross-Complainants cannot oppose enforcement of the arbitration and small claims adjudication terms of the Agreements.  Those terms require them to pursue the claims asserted in this action either in arbitration or through small claims adjudication.  Cross-Defendants elected pursuant to the Agreements and the Consumer Arbitration Rules of AAA to have the claims decided by California's small claims court.  Cross-Complainants are bound by the election.

1   Consequently, this Court must compel enforcement of the Agreements' terms including the Class

2   Action Waiver, dismiss this action, and order Cross-Complainants to proceed with small claims

3   adjudication or, in the alternative, arbitration in accordance with the terms of the Agreements.

4                                           Respectfully submitted,

5   Dated:  November 23, 2016               BUSBY ZAPPALA & SANCHEZ LLP

6

7                                           By:_____/s/_____
                                                    RALPH A. ZAPPALA
8                                                   ERIN S. SANCHEZ
                                            Attorneys for Plaintiffs/Cross-Defendants
9                                           VIP PDL SERVICE, LLC, d/b/a VIP LOAN
                                            SHOP; SCS PROCESSING, LLC; FAST
10                                          EFNDS, a/k/a/ FastEfunds.COM; RARE
                                            MOON MEDIA, LLC; ENCOMPASS
11                                          CONSULTING GROUP, LLC; E-
                                            FINANCE CALL CENTER SUPPORT,
12                                          LLC; TOTAL ACCOUNT RECOVERY,
                                            LLC; JEREMEY D. SHAFFER; JOSHUA
13                                          L. MITCHEM; STEVEN MITCHEM; and
                                            DUSTIN DERNIER
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Sheila McNeill, declare that:

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and am not a party to the within action; my business address is 251 Lafayette Circle, Suite 350, Lafayette, California, 94549.

On November 23, 2016, I served **CROSS-DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND SMALL CLAIMS ADJUDICATION AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND SMALL CLAIMS ADJUDICATION AGREEMENTS** on the interested parties in this action by electronically serving as set forth below.

[ X ]    (By CM/ECF): A copy of the above and foregoing documents were electronically filed with the Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

[   ]    (By Mail [State]) I am readily familiar with the practices of Busby Zappala & Sanchez LLP for the collection and processing of correspondence for mailing with the United States Postage Service; it is deposited with the United States Postal Service on the same date in the ordinary course of business at the business address shown above; I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

[X]    Executed on November 23, 2016, at Lafayette, California.

[X]    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the Bar at whose direction this service was made.

/s/
_____
Sheila McNeill

## SERVICE LIST

| | |
|---|---|
| Jeffrey Wilens<br>Lakeshore Law Center<br>18340 Yorba Linda Blvd., Suite 107-610<br>Yorba Linda, CA 92886<br><br>**Attorney for Cross-Complainants Delbert Daily, Sharanjeet Paul, Retha Walker** | Jeffrey P. Spencer<br>Spencer Law Firm<br>903 Calle Amanecer, Suite 220<br>San Clemente, CA 92673<br><br>**Attorney for Cross-Complainants Delbert Daily, Sharanjeet Paul, Retha Walker** |