**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**903 Calle Amanecer, Suite 220**
**San Clemente, CA 92673**
**949-240-8595**
**949-240-8515 (fax)**
**jps@spencerlaw.net**

**Attorneys for Cross-Complainants**
**Delbert Daily, Sharanjeet Paul and Retha Walker**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| VIP PDL SERVICE, LLC, D/B/A. VIP LOAN SHOP, ET. AL. | ) Case No. 8:16-cv-02064 DOC (JCGx)<br>) Complaint filed September 29, 2016<br>) |
| Plaintiffs, | ) **Class Action**<br>) |
| v. | ) **CROSS-COMPLAINANTS'**<br>) **OPPOSITION TO MOTION TO** |
| AMERICAN ARBITRATION ASSOCIATION, ET. AL., | ) **COMPEL ARBITRATION OR**<br>) **SMALL CLAIMS ADJUDICATION,**<br>) **POINTS AND AUTHORITIES,**<br>) **DECLARATION IN SUPPORT**<br>) **THEREOF** |
| | ) Hearing Date:  January 9, 2017, 8:30 am<br>) Department 9D |
| Defendants. | ) Hon. David O. Carter, Judge |
| AND RELATED CROSS-ACTIONS | ) |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

1

Cross-Complainants DELBERT DAILY, SHARANJEET PAUL, and RETHA WALKER hereby respectfully submit their opposition to Cross-Defendants' motion to compel arbitration or small claims adjudication.

DATED: December 17, 2016

Respectfully submitted,

By     _/s/_Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Cross-Complainants

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. i

STATEMENT OF CASE .................................................................................................. 1

POINTS AND AUTHORITIES ....................................................................................... 4

ARGUMENT ...................................................................................................................... 4

   I.  THE MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION AND TO DISMISS THE CLASS ACTION MUST BE DENIED. ............................................................................................................... 4

   A. THE MOTION TO COMPEL ARBITRATION MUST BE DENIED BECAUSE VIP HAS EITHER WAIVED OR ABANDONED THEIR RIGHT TO ARBITRATE THIS DISPUTE. ................................................................................................ 5

   II. THE COURT HAS NO AUTHORITY TO ORDER CONSUMERS TO PARTICIPATE IN "SMALL CLAIMS ADJUDICATION" AND ANY CONTRACTUAL PROVISION REQUIRING THAT WOULD BE VOID AS AGAINST PUBLIC POLICY. ......................................................................... 15

   III.  ANY RULING ON THE VALIDITY OF THE PURPORTED CLASS ACTION WAIVER SHOULD BE DEFERRED. ................................................................. 24

CONCLUSION ................................................................................................................ 25

# **TABLE OF AUTHORITIES**

## **Cases**

AT&T Mobility LLC v. Concepcion (2011) 563 U.S. 333 .................................... 24

Badie v. Bank of America (1998) 67 Cal.App.4th 779 ....................................... 22

Baltazar v. Forever 21, Inc. (2016) 62 Cal.4th 1237 ........................................ 24

i

Britton v. Co-op Banking Group (9th Cir. 1990) 916 F.2d 1405 ......................................... 7

Brooks v. Small Claims Court (1973) 8 Cal.3d 661 ...................................................... 21

Brown v. Dillard's, Inc. (9th Cir. 2005) 430 F.3d 1004........................................ 5, 7, 8, 11

Cook v. Superior Court of San Mateo County (1969) 274 Cal.App.2d 675 ..................... 20

Cox v. Ocean View Hotel Corp. (9th Cir. 2008) 533 F.3d 1114....................................... 7, 8

Crouchman v. Superior Court (1988) 45 Cal.3d 1167 ................................................... 21

Day v. Microsoft Corp. (W.D.Wash. Jan. 21, 2014, No. C13-478-RSM) 2014
   U.S.Dist.LEXIS 7870 ............................................................................................ 8

Discover Bank v. Superior Court (2005) 36 Cal.4th 148 ................................................ 25

Erie Telecomms. v. Erie (3d Cir. 1988) 853 F.2d 1084 ................................................... 22

Fallis v. Department of Motor Vehicles (1968) 264 Cal.App.2d 373 ............................... 21

Ford v. Yasuda (C.D.Cal. Apr. 29, 2015, No. 5:13-cv-01961-PSG-DTB) 2015
   U.S.Dist.LEXIS 79024.......................................................................................... 8, 11

Jones Motor Co. v. Chauffeurs, Teamsters & Helpers Local Union (1st Cir. 1982) 671 F.2d
   38 ......................................................................................................................... 12

Kramer v. Hammond (2nd Cir. 1991) 943 F.2d 176....................................................... 12

Mendoza v. Small Claims Court (1958) 49 Cal.2d 668.................................................. 21

Operation: Heroes, LTD. v. P&G Prods. (D.Nev. 2012) 903 F.Supp.2d 1106..................... 8

Pitzen v. Superior Court (2004) 120 Cal.App.4th 1374 ................................................... 21

Platte River Ins. Co. v. Dignity Health (N.D.Cal. Mar. 19, 2013, No. C-12-2356 EMC)
   2013 U.S.Dist.LEXIS 38471................................................................................... 8

Prudential Ins. Co. v. Small Claims Court (1946) 76 Cal.App.2d 379....................... 19, 20

Riverside Publ'g Co. v. Mercer Publ'g LLC (W.D.Wash. 2011) 829 F.Supp.2d 1017 .... 9, 11

Samson v. Nama Holdings, LLC (C.D.Cal. May 20, 2009, No. CV 09-01433 MMM
   (PJWx)) 2009 U.S.Dist.LEXIS 130663.................................................................... 6

Sink v. Aden Enterprises, Inc. (9th Cir. 2003) 352 F.3d 1197............................................13

Skaff v. Small Claims Court for Los Angeles Judicial Dist. (1968) 68 Cal.2d 76 ............. 21

ii

St. Agnes Med. Ctr. v. PacifiCare of Cal. (2003) 31 Cal. 4th 1187.......................................... 7

St. Mary's Med. Ctr. Of Evansville, Ind. v. Disco Aluminum Prods. Co. (7th Cir. 1992) 969

F.2d 585 ............................................................................................................................. 11

Steiner v. Horizon Moving Sys. (C.D.Cal. Oct. 30, 2008, No. EDCV 08-682-VAP (CTx))

2008 U.S.Dist.LEXIS 110393 ........................................................................................... 11

Superior Wheeler Cake Corp. v. Superior Court in & for L.A. (1928) 203 Cal. 384 ........20

Toyo Tire Holdings of Am., Inc. v. Continental Tire N. Am., Inc. (9th Cir. 2010) 609 F.3d

975................................................................................................................................................ 9

**Statutes**

Civil Code § 1668 ......................................................................................................... 25

Code of Civil Procedure § 116.220 ...............................................................................17

Code of Civil Procedure § 116.221 ...............................................................................17

Code of Civil Procedure § 116.320 ...............................................................................17

Code of Civil Procedure § 116.340 .............................................................................. 18

Code of Civil Procedure § 116.530 .............................................................................. 18

Code of Civil Procedure § 116.540 .............................................................................. 18

Code of Civil Procedure § 116.710 .............................................................................. 18

Code of Civil Procedure § 116.770 .............................................................................. 18

Code of Civil Procedure § 116.790 .............................................................................. 19

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS
ADJUDICATION 8:16-cv-02064-DOC

## STATEMENT OF CASE

Moving parties are Cross-Defendants VIP PDL SERVICES[1], LLC, d/b/a VIP LOAN SHOP, SCS PROCESSING, LLC, FAST EFNDS, a/k/a/ FASTEFUNDS.COM, RARE MOON MEDIA, LLC, ENCOMPASS CONSULTING GROUP, LLC, E-FINANCE CALL CENTER SUPPORT, LLC, TOTAL ACCOUNT RECOVERY, LLC, JEREMY D. SHAFFER, JOSHUA L. MITCHEM, STEVEN MITCHEM, and DUSTIN L. DERNIER.  For convenience, these parties will collectively be referred to as "VIP."

Parties opposing this motion are Cross-Complainants DELBERT DAILY, SHARANJEET PAUL, and RETHA WALKER (collectively referred to as "Consumers.")

Back in 2013, other persons who got loans from VIP filed a class action in the Northern District of California called Gilbert v. Bank of America, United States District Court Case No. 13-1171 JSW.  (Doc. 15-1, ¶ 9.)  Because the VIP loan agreements contained an arbitration requirement, that court eventually ordered the matter into arbitration.  (Doc. 15-1, ¶ 9.)  Consumers are members of the putative class in Gilbert.  Because their loan agreements contained the same

---

[1]The original state court complaint referred to this company as "VIP PDL Service" while the cross-complaint corrected that to "VIP PDL Services" (plural). The loan documents and other records confirm the plural version of the name is the correct one.  Counsel for Cross-Defendants should clarify his client's correct name.

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION 8:16-cv-02064-DOC

arbitration requirement, between February 5, 2016 and February 16, 2016 they filed individual arbitrations against VIP in the American Arbitration Association (AAA).  (Wilens Declaration, ¶ 2.)

As VIP concedes in their motion, they never attempted to arbitrate the Consumer claims on the merits.  Instead, they immediately demanded the AAA "administratively close" the arbitrations on the grounds that the only forum available to Consumer was "small claims court."  In support of this argument, VIP relied on language in the arbitration agreements and the current version of the AAA's Rule 9.

As explained in the state court complaint filed by VIP (see Request for Judicial Notice, Exhibit 1), the AAA did not agree with VIP's interpretation of the arbitration agreements or its own Rule 9.

First, VIP made an administrative request to have the AAA close the arbitrations without deciding the merits of the claims.  After various objections were raised by Consumers, the AAA case administrator denied the request to close the case, but also stated the issue could be raised with the appointed arbitrator.  (RJN, Exhibit 1, ¶ 35.)

Second, the parties briefed the legal issues regarding the correct interpretation of the contract language as well as AAA's Rule 9.  The Arbitrator

2

then issued a written order on June 27, 2016, declining to administratively close the arbitrations.  (RJN, Exhibit 2.)  The Arbitrator agreed with Consumers that the language in the arbitration agreement allowed either side to file a small claims court case, but did not invest either side with the power to force the other party out of arbitration.  (RJN Exhibit 2, ¶ 15.)

Third, VIP served written objections to Mr. Garman's ruling on July 12, 2016 to Cathe Stewart, Assistant Vice President of AAA and its Director of Consumer Operations.   VIP continued to insist that the AAA must administratively close the arbitration cases without reaching the merits because the only forum available to Consumers was small claims court.  (RJN Exhibit 1, ¶¶ 48-49.)  VIP asked for review by the AAA's Administrative Review Council.  On September 6, 2016, the AAA rejected VIP's objections, stating that "jurisdiction now lies with Arbitrator Garman" and AAA "as a purely administrative agency, has no authority to review or upset an arbitrator's ruling, or to reverse any of the arbitrator's determinations."  (RJN Exhibit 1, ¶¶ 50-53.)

Unwilling to proceed with arbitration, VIP then took the extraordinary step of filing a state court lawsuit against Consumers and the AAA on September 29, 2016.  (RJN Exhibit 1.)  The lawsuit sought a temporary and then permanent injunction against Consumers and the AAA "enjoining and restraining them" from

3

proceeding with the arbitrations and a declaratory judgment that the arbitrations must be "administratively closed without further arbitration."  (RJN Exhibit 1, p. 11.) Consumers responded to the foregoing lawsuit by filing an Answer and the class action cross-complaint that was removed to federal court.

## POINTS AND AUTHORITIES

## ARGUMENT

**I.    THE MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION AND TO DISMISS THE CLASS ACTION MUST BE DENIED.**

VIP argues: "[T]his Court must compel enforcement of the Agreements' terms including the Class Action Waiver, dismiss this action, and order Cross-Complainants to proceed with small claims adjudication or, in the alternative, arbitration in accordance with the terms of the Agreements."  It thus appears this "motion" is seeking different forms of relief.  First, VIP seeks an order compelling Consumers to arbitrate their claims because they agreed to do so in the loan agreements.   Second, VIP seeks an order dismissing this cross-complaint and compelling Consumers to "proceed with small claims adjudication."  Third, VIP seeks an order prohibiting any "class action" claims.

Consumers will analyze each request in turn, although the last one is not sufficiently developed and any ruling would be premature.

**A.   THE MOTION TO COMPEL ARBITRATION MUST BE DENIED BECAUSE VIP HAS EITHER WAIVED OR ABANDONED THEIR RIGHT TO ARBITRATE THIS DISPUTE.**

VIP has waived or abandoned their right to arbitrate these claims. Ironically, VIP accuses Consumers of improperly abandoning arbitration after commencing the process.  But VIP concedes in their motion, they never attempted to arbitrate the Consumers' claims on the merits.  Instead, soon after the arbitration claims were filed, VIP demanded the AAA "administratively close" the arbitrations on the grounds that the only forum available to Consumers was "small claims court."  VIP made numerous requests, briefed and lost a motion before the arbitrator and then submitted an administrative appeal to the AAA on this issue.  It then filed a state court lawsuit seeking a permanent injunction prohibiting Consumers from arbitrating their claims in the AAA.

The foregoing conduct clearly constitutes a waiver or abandonment of the right to arbitrate.   Consumers are entitled to respond to VIP's waiver or abandonment and bring the claims in court instead.

Like other contract provisions, an arbitration requirement can be waived or abandoned.  One way to look at this situation is as an "abandonment" of the right to arbitrate.  Abandonment can be found when the other party has been served a notice of intention to arbitrate but then refuses to pay the arbitration fees, cooperate

with arbitration or otherwise stymies the arbitration.  A good example is found in Brown v. Dillard's, Inc. (9th Cir. 2005) 430 F.3d 1004, 1010, where the plaintiff filed for arbitration on July 1st but Dillard's refuse to pay its share of the arbitration fees and ignored letters from the AAA demanding it do so.  Eventually, AAA closed the arbitration.  The plaintiff subsequently filed a lawsuit and Dillard's moved to compel arbitration.  The court found Dillard's had abandoned its right to arbitrate.  (Id. at pp. 1008-1012.

Along similar lines, in Samson v. Nama Holdings, LLC (C.D.Cal. May 20, 2009, No. CV 09-01433 MMM (PJWx)) 2009 U.S.Dist.LEXIS 130663, at *12-16, two individuals in arbitration successfully moved to dismiss the arbitrations against them on the grounds the arbitrator had no jurisdiction.  When the plaintiff pursued a lawsuit against the same individuals, they moved to compel arbitration.  The court denied the motion, finding they had abandoned the right to arbitrate by adopting two inconsistent positions—refusing to arbitrate claims against them, but then when the claims were brought in a court proceeding, trying to compel arbitration of the very same claims.  (Id. at pp. 47-51.)

In the instant case, VIP paid its fees (presumably) but immediately demanded the arbitration case be closed without any determination on the merits.  When the AAA rejected that, after a delay of seven months caused by VIP's

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION 8:16-cv-02064-DOC

tactics, VIP filed a lawsuit in state court against Consumers and the AAA.   In doing so, VIP unequivocally abandoned the arbitration process in favor of a court process.  If VIP had prevailed on its lawsuit, Consumers' claims would not have been returned to arbitration but would have been dismissed with their only remedy being to refile individual cases in small claims court.  Small claims court is a part of the litigation system, not part of the arbitration process.

Another way to view the situation is under the rubric of "waiver" of the right to arbitrate.   A party seeking to prove waiver of a right to arbitrate must demonstrate "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts."  (Brown, supra, 430 F.3d at p. 1012, citing Britton v. Co-op Banking Group (9th Cir. 1990) 916 F.2d 1405, 1412.)

In Cox v. Ocean View Hotel Corp. (9th Cir. 2008) 533 F.3d 1114, 1124, n. 7, the Ninth Circuit seemingly ruled that the correct California test for wavier is that set forth in St. Agnes Med. Ctr. v. PacifiCare of Cal. (2003) 31 Cal. 4th 1187.  That test lists six factors which largely overlap with at least two of the requirements cited in Brown, although perhaps not the knowledge requirement.

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION 8:16-cv-02064-DOC

opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party. (Cox, supra, 533 F.3d at p. 1124.)

District courts continue to apply both tests.   (See e.g., Ford v. Yasuda (C.D.Cal. Apr. 29, 2015, No. 5:13-cv-01961-PSG-DTB) 2015 U.S.Dist.LEXIS 79024, at *8; Day v. Microsoft Corp. (W.D.Wash. Jan. 21, 2014, No. C13-478-RSM) 2014 U.S.Dist.LEXIS 7870, at *9; Operation: Heroes, LTD. v. P&G Prods. (D.Nev. 2012) 903 F.Supp.2d 1106, 1117; Cf., Platte River Ins. Co. v. Dignity Health (N.D.Cal. Mar. 19, 2013, No. C-12-2356 EMC) 2013 U.S.Dist.LEXIS 38471, at *19 (characterizing the dispute over which test should apply as a "conflict within the Ninth Circuit).

Consumers do not see a real conflict.   Brown, supra, states three requirements.   Cox discusses six factors which may be considered in assessing whether the requirements are met. Accordingly, this motion will primarily discuss the three requirements.

All of these requirements are established.   First, VIP indisputably had knowledge of its right to arbitrate because the cases were proceeding in arbitration

8

when VIP filed the state court lawsuit.

Second, VIP's state court lawsuit was an act inconsistent with the right of arbitration because VIP was seeking an injunction that would have <u>prohibited</u> the parties from arbitrating the merits of the disputes.  In <u>Riverside</u> <u>Publ'g</u> <u>Co</u>. v. <u>Mercer</u> <u>Publ'g</u> <u>LLC</u> (W.D.Wash. 2011) 829 F.Supp.2d 1017, 1020, the court considered whether the filing of a lawsuit seeking injunctive relief by the party that ultimate moved to compel arbitration was an act inconsistent with its arbitration right.  The court found that "neither filing a lawsuit covering an arbitrable dispute nor seeking injunctive relief in that suit are per se inconsistent with the right to compel arbitration." However, that right is limited to seeking "equitable relief in aid **of arbitration**" if necessary to "preserve the status quo and the meaningfulness of the arbitration process." (<u>Id</u>. at p. 1020 (emphasis added) citing <u>Toyo</u> <u>Tire</u> <u>Holdings</u> <u>of</u> <u>Am.</u>, <u>Inc</u>. v. <u>Continental</u> <u>Tire</u> <u>N.</u> <u>Am.</u>, <u>Inc</u>. (9th Cir. 2010) 609 F.3d 975, 980.) The <u>Riverside</u> court noted that the moving party's lawsuit was not in aid of arbitration and did not even mention arbitration.  (<u>Id</u>.)  For that reason, it was an act inconsistent with arbitration.  (<u>Id</u>.)

The situation in the instant case is even more **egregiously inconsistent with arbitration**.  VIP did not seek an injunction to "preserve the status quo and the meaningfulness of arbitration" or otherwise aid the arbitration process.  It sought

9

an injunction to **eliminate arbitration** as an available forum for relief, leaving Consumers with no available forum other than small claims court. **It is simply inconsistent for a party that is already in arbitration to file a lawsuit seeking a court injunction terminating the arbitration and then to file a motion to compel the arbitration to go forward once it suspects it will lose in the trial court**.

Third, Consumers have suffered prejudice in that they have been unable to proceed to merits hearings in the AAA since the February 2016 filings. Further, Consumers have been forced to make general appearances in the Superior Court paying more than $1,300 in filing fees as well as incurring legal fees of more than $5,000 for review of the complaint and drafting of the Answer. (Wilens Declaration, ¶ 3.) It should be noted Mr. Daily allegedly lost $805, Ms. Paul allegedly lost $597 and Ms. Walker allegedly lost approximately $400 in the alleged illegal payday loans. (Wilens Declaration, ¶ 4.) In light of the modest value of their cases, they suffered prejudice by having to respond to the state court lawsuit and losing the benefits of inexpensive arbitration.

VIP may argue these economic expenses do not constitute prejudice, relying on various cases where a plaintiff filed a lawsuit and incurred some legal and court expenses before the defendant moved to compel arbitration, but no prejudice was

found.   However, the <u>Brown</u> court observed that in those situations it was the plaintiff who chose to litigate and then incurred some expenses before the defendant moved to compel arbitration.   Finding a lack of prejudice in those circumstances is not surprising.  (<u>Brown</u>, <u>supra</u>, 430 F.3d at p. 1012.)  By contrast, Brown did not choose to litigate but instead chose to arbitrate.  She only brought a court action after being rebuffed by Dillard's.  In those circumstances, the <u>Brown</u> court found the costs incurred were a form of prejudice.   (<u>Id</u>.)   Similarly, Consumers did not choose to litigate in the first instance but instead actually pursued arbitration, whereas VIP tried to block the arbitrations from proceeding and then filed a court action against Consumers for the very purpose of terminating the arbitrations.   Consumers had no choice but to respond in court and the costs they incurred in doing so were a form of prejudice.

The <u>Riverside</u>, <u>supra</u>, court also found prejudice where it was apparent the party moving to compel arbitration was forum shopping.  (<u>Id</u>. at p. 1023.)  Other courts have made similar findings.  (See also, <u>Steiner</u> v. <u>Horizon Moving Sys</u>. (C.D.Cal. Oct. 30, 2008, No. EDCV 08-682-VAP (CTx)) 2008 U.S.Dist.LEXIS 110393, at *9-10 (plaintiff's belated attempt to use arbitration as a method of forum shopping was prejudicial to the defendants); <u>Ford</u> v. <u>Yasuda</u>, <u>supra</u>, at *21 (same); <u>St. Mary's Med. Ctr. Of Evansville, Ind</u>. v. <u>Disco Aluminum Prods. Co</u>.

(7th Cir. 1992) 969 F.2d 585, 589 ("A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum"); Kramer v. Hammond (2nd Cir. 1991) 943 F.2d 176, 179 ("Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration"); Jones Motor Co. v. Chauffeurs, Teamsters & Helpers Local Union (1st Cir. 1982) 671 F.2d 38, 43 (unfair to allow a party sending an adverse court decision a second chance in another forum).)

VIP submitted their ill-conceived "small claims" argument three times to the AAA—once prior to the appointment of an arbitrator, once in a fully-briefed motion to the arbitrator, and the final time in a request for administrative review. VIP lost three times.  At that point, they could have given up, proceeded with the arbitrations, and then challenged any adverse award during the normal judicial review of arbitration awards.  VIP did not want to do that.  Instead, they wanted to make the exact same rejected argument to a court so they filed a lawsuit seeking an injunction blocking Consumers from arbitrating their claims.

While VIP subsequently dismissed the state court complaint without prejudice about 50 days after filing it and 30 days after Consumers filed their Answer, this was only after counsel for Consumers and the AAA had threatened to

move to dismiss it on various grounds and was likely done for tactical reasons. (Wilens Declaration, ¶ 5.)  That dismissal does not change the fact that filing the state court lawsuit was blatant forum shopping, trying to overturn an adverse ruling by the arbitrator.

It would make no sense for this Court to grant the motion to compel arbitration.  In doing so, Consumers may be placed in a situation similar to that of the protagonist in the movie Groundhog's Day, destined to keep reliving the same day over and over.

<u>Sink</u> v. <u>Aden</u> <u>Enterprises,</u> <u>Inc</u>. (9th Cir. 2003) 352 F.3d 1197 is illustrative of the infinite loop this case might enter if arbitration is compelled.  In that case, Sink sued his employer (Aden) and the matter proceeded to arbitration pursuant to Sink's employment agreement. (<u>Id</u>. at p. 1198.) Aden was obligated to pay the arbitration costs but refused to do so, and the arbitrator cancelled the proceedings due to nonpayment of fees. (<u>Id</u>. at p. 1199.) The plaintiff obtained a default from the arbitrator, and returned to the trial court and sought to have default judgment entered in the underlying litigation. After the court refused to enter default judgment, Aden advised the court it had obtained the money needed to fund the arbitration, and made an oral motion to refer the matter back to the arbitration. The trial court refused, finding Aden was in default of the arbitration and had waived

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS
ADJUDICATION 8:16-cv-02064-DOC

its arbitration rights and set the matter for trial. (Ibid.) The Sink court affirmed the finding of default, and found that because of the default, Aden could no longer compel arbitration. (Id. at p. 1200.) The Sink court observed:

> Accepting Aden's reading of the FAA would also allow a party refusing to cooperate with arbitration to indefinitely postpone litigation. Under Aden's interpretation, the sole remedy available to a party prejudiced by default would be a court order compelling a return to arbitration. The same offending party could then default a second time, and the prejudiced party's sole remedy, again, would be another order compelling arbitration. This cycle could continue, resulting in frustration of the aggrieved party's attempts to resolve its claims." (Id. at p. 1201.)

In the instant case, if the matters are referred back to arbitration, VIP could again demand the arbitration cases be closed and if (when) that request is denied, VIP could again file another lawsuit seeking to enjoin the arbitrations from proceeding.  It is clear that VIP still wants Consumers to be forced into small claims court as their only forum.  That is part of the relief sought in this motion to compel arbitration.

In conclusion, VIP was aware of the arbitration requirement, but by asking first the AAA and then the Superior Court to prohibit arbitration, VIP was necessarily acting inconsistently with the right to arbitrate.  These tactics have prejudiced Consumers by delaying the merits inquiry for almost one year now, and by causing Consumers to incur legal fees and court costs to respond to a frivolous

lawsuit which VIP has now abandoned.  The motion to compel arbitration should be denied based on a finding of abandonment or waiver of the right to arbitrate.

## B.   THE COURT HAS NO AUTHORITY TO ORDER CONSUMERS TO PARTICIPATE IN "SMALL CLAIMS ADJUDICATION" AND ANY CONTRACTUAL PROVISION REQUIRING THAT WOULD BE VOID AS AGAINST PUBLIC POLICY.

Hedging their bets, VIP also (or alternatively) requests the Court order Consumers to submit to "small claims adjudication."  This is a truly bizarre request for several reasons.  First of all, the "small claims court" is part of the Superior Court of the State of California.  Other than remanding the case to the Superior Court (which is exactly what Consumers have requested this Court do), the Court does not have authority to mandate a transfer to a particular division of that Superior Court.

VIP does not cite any authority for such an order.  The FAA gives this court authority to order arbitration, but it does not give this Court authority to order "small claims adjudication" whether the arbitration agreement purportedly authorizes that as an option or not.  Nor can this Court "order" the AAA to order the case to be transferred to small claims court.  The AAA is not even a party to this motion to compel arbitration.  Of course, it has the power (and in this case the duty) to remand to state court.  But it would be up to the Superior Court to

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION 8:16-cv-02064-DOC

determine what "branch" of the Court is the proper court.

Secondly, the AAA has already ruled that the Consumers cannot be forced to litigate their claims in small claims court.  (RJN Exhibit 2.)  The AAA ruled that neither the contract language nor its own Rule 9 permitted VIP to block Consumers from obtaining relief in the arbitral forum.  The AAA agreed the contract language permitted either side to "seek adjudication" in small claims court by filing their claim in small claims court.  Neither side did.  It cannot be reasonably read to allow one side to force the other side, which has already chosen arbitration, to file its case in small claims court.

As for Rule 9, that was enacted in September 2014.  (Doc. 15-1, p. 76 (date at bottom of page).)  The loans in question were taken out in 2011.  Even if Consumers had agreed to be bound by rules in existence in 2011, it is difficult to see how they could be deemed to have consented to rules not implemented until three years later.  Moreover, the AAA had the discretion to interpret Rule 9 so it would be consistent with the AAA Consumer Due Process Protocol Statement of Principles, which make it clear Rule 9 was intended to protect consumer rights and not to strip them consumers of due process.  (Wilens Declaration, ¶ 6; Exhibit 3.)

In any event, the AAA has ruled and a motion to compel arbitration is not the proper "vehicle" for a party to challenge a ruling already made by the

arbitrator.  The proper vehicle would be judicial review after the final arbitration award is made.  VIP tried to raise the issue prematurely in its state court lawsuit, by seeking to enjoin the AAA from proceeding with arbitration, but they subsequently abandoned that effort.

Third, even if this Court somehow had the authority to consider VIP's request, it could not be granted without violating Consumers' due process rights. In essence, VIP seeks a court order that Consumers can neither arbitrate nor litigate their claims against VIP, except in the small claims court.  Further, any contract provision that actually deprived a consumer of all fora except small claims court would violate California public policy.

Small claims court is intended to be a **voluntary** option for plaintiffs who are willing to waive various rights and advantages in exchange for the advantages in terms of efficiency and speed by proceeding in small claims court.

There are many limits to the small claims court system.  A California small claims court case is initiated by filing a complaint.  (Code of Civil Procedure § 116.320 (a).) The small claims courts have jurisdiction for money disputes of up to $10,000 if the plaintiff is a natural person, but said person can only file up to two cases per year if the value exceeds $2,500.  (C.C.P. § 116.220, § 116.221.)  Small claims courts cannot award an injunction or other equitable relief unless another

statute expressly confers that power on the small claims court.  (C.C.P. § 116.220 (a) (5).)  With two exceptions (not applicable here), only persons in this state can be served a small claims case.  (C.C.P. § 116.340 (e), (f), (g).)

With narrow exceptions "no attorney may take part in the conduct or defense of a small claims action."  However, an attorney can provide "advice to a party" either "before or after the commencement of the action."  Also, an attorney can represent a party in a small claims appeal which is a trial de novo.  The other exceptions—for attorneys who individually or whose partnership or professional corporation is a party, or for attorneys who are witnesses, or for post-judgment collection efforts—are not relevant to this motion.  (C.C.P. § 116.530.)  While in C.C.P. § 116.540 the Legislature authorized various categories of persons to represent other persons (such as employees, managers and spouses), it expressly reaffirmed that an attorney is not authorized to participate in a small claims action except as permitted in § 116.530.  (C.C.P. § 116.540 (g).)

A plaintiff has no right to appeal a small claims case judgment unless there was a cross-complaint and a judgment against him.  Only a defendant can appeal a small claims court judgment against it.  (C.C.P. § 116.710.)  The appeal is a new trial before a different judge but is otherwise subject to the same informal nature as the small claim trial except attorneys can represent the parties.  (C.C.P. § 116.770.)

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION 8:16-cv-02064-DOC

In fact, if the appeal was frivolous, the court can award attorney's fees.  (C.C.P. § 116.790.)

Because of the informal nature of small claims court proceedings and the lack of constitutional rights such as the right to a jury trial, the right to be represented by an attorney, and the unequal right to appeal (only the defendant can appeal not the plaintiff), the small claims court system has been subjected to constitutional challenges.  Those challenges were only defeated because small claims court is a voluntary forum in which plaintiffs can file their disputes or they are free to file in the regular courts.

It is only the voluntary nature that avoids due process challenges by plaintiffs to the small claims court laws.   The leading case is <u>Prudential Ins</u>. <u>Co</u>. v. <u>Small Claims Court</u> (1946) 76 Cal.App.2d 379.   Rejecting a due process challenge based on the lack of legal representation, the court explained:

> It is urged that depriving a litigant of the right of counsel is a violation of due process. There can be little doubt but that in both civil and criminal cases the right to a hearing includes the right to appear by counsel, and that the arbitrary refusal of such right constitutes a deprivation of due process. [citation omitted] But that does not mean that the Legislature cannot create a small claims court where informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding. **It is obvious that the plaintiff cannot object, although he has no right of appeal, because he**

19

> **has elected to commence the action in the small claims court. If he desires an attorney he can sue, even on these small claims, in the justices or municipal courts.** The defendant has no legal cause for complaint because if he is dissatisfied with the judgment of the small claims court he has a right of appeal to the superior court where he is entitled to a trial de novo. (Los Angeles Bond etc. Co. v. Superior Court, 1 Cal.App.2d 634 [37 P.2d 159].) In that court he and the plaintiff can, of course, appear by counsel. This satisfies the due process requirement. (emphasis added) (<u>Id</u>. at pp. 381-382 (emphasis added).)

As the Supreme Court explained in <u>Superior</u> <u>Wheeler</u> <u>Cake</u> <u>Corp</u>. v. <u>Superior</u> <u>Court</u> <u>in</u> <u>&</u> <u>for</u> <u>L.A</u>. (1928) 203 Cal. 384, 387:

> The **plaintiff**, in other words, **comes under the yoke of this system voluntarily, but the defendant comes thereunder only by the strong arm of the law.  The parties, therefore, do not enter the forum upon equal terms.  If the plaintiff does not feel that he will be benefited by the procedure, he has the alternative of entering the regular jurisdiction of the justice's court,** where the right of appeal is equal and reciprocal.  Having this unmistakable choice in the premises, we fail to find discrimination within the meaning of any of said constitutional provisions.   The advantage voluntarily accepted must be held a complete compensation for the loss of the right of appeal. (emphasis added)

More recent court decisions follow the foregoing line of reasoning.   For example, in <u>Cook</u> v. <u>Superior</u> <u>Court</u> <u>of</u> <u>San</u> <u>Mateo</u> <u>County</u> (1969) 274 Cal.App.2d 675, 677-678, the court observed "A small claims court plaintiff, taking advantage of the speedy, inexpensive procedures and other benefits of that court, accepts all

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION 8:16-cv-02064-DOC

of its attending disadvantages such as the denial of the right to an attorney or to an appeal."  Normally a party which files a counterclaim is functionally the "plaintiff" and forfeits the right to appeal, but when the counterclaim is mandatory or abandoned, the counterclaimant retains the right to appeal "since 'the strong arm of the law,' rather than the party's voluntary election, motivates the party in filing these 'mandatory' counterclaims, the counterclaimant should retain his right to appeal." (Skaff v. Small Claims Court for Los Angeles Judicial Dist. (1968) 68 Cal.2d 76, 79, fn. 3.) To similar effect, in Pitzen v. Superior Court (2004) 120 Cal.App.4th 1374, 1379, the court stated: "A small claims court plaintiff, taking advantage of the speedy, inexpensive procedures and other benefits of that court, accepts all of its attending disadvantages such as the denial of the right to an attorney or to an appeal."  (See e.g., Crouchman v. Superior Court (1988) 45 Cal.3d 1167, 1171, fn. 3; Brooks v. Small Claims Court (1973) 8 Cal.3d 661, 665; Mendoza v. Small Claims Court (1958) 49 Cal.2d 668, 673; Fallis v. Department of Motor Vehicles (1968) 264 Cal.App.2d 373, 383.)

Consumers had the option of seeking relief in small claims court, but elected to proceed in arbitration so they could be represented by legal counsel.  If VIP obtains the relief they seek, Consumers will be forced enter the small claims court system against their will and involuntarily where they will forfeit their

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS ADJUDICATION 8:16-cv-02064-DOC

constitutional right to be represented by counsel.

The question then is whether a waiver of the constitutional right to counsel (and other rights) can be established based on the contract provisions.  The waiver of constitutional rights is not to be inferred.  Generally speaking, it has been held that waiver of a federally guaranteed constitutional right is a federal question controlled by federal law.  Contractual waiver of constitutional rights must be voluntary, knowing, and intelligent, and must be established by clear and compelling evidence.  Courts will indulge in every reasonable presumption against waiver.  (Erie Telecomms. v. Erie (3d Cir. 1988) 853 F.2d 1084, 1094-1095.)  For example, a contractual waiver of the right to a jury trial is only enforceable if it is "clearly apparent in the contract and its language must be unambiguous and unequivocal, leaving no room for doubt as to the intention of the parties." (Badie v. Bank of America (1998) 67 Cal.App.4th 779, 804.)  Sometimes, when a contract contains an express provision waiving the judicial forum, it is understood this necessarily entails a waiver of the right to jury trial.  (Id.)  Of course, that reasoning would not apply to a waiver of right to counsel, since waiving jury trial and proceeding in arbitration do not necessarily require a waiver of the right to be represented by legal counsel.

VIP may insist the waiver of this constitutional right can be established

based on provisions in the loan agreements specifying that either side could file a small claims court action and that AAA rules could control.  However, as pointed out previously, Consumers only agreed either party could file a case in small claims court in lieu of commencing arbitration and neither party has done so. Since Consumers did not file in small claims court, they did not waive any constitutional rights that would result from such a filing.

There is absolutely nothing in the contracts or arbitration agreements that mentions any waiver of due process rights or any waiver of the right to be represented by counsel.  <u>To the contrary</u>, the arbitration agreement contemplates Consumers will be represented by counsel.  Both paragraphs (g) and (h) refer to consumers' right to recover attorney's fees if they prevailed in arbitration. The arbitration agreements contain some waivers of constitutional rights in paragraph (c).  In all capital letters, consumers are told they are waiving their right to "trial by jury" and waiving their right to have a court other than small claims court resolve their dispute.  There is no reference to any waiver of the right to be represented by counsel.  (Doc. 15-1, pp. 48-55.)

Similarly, an express (or "clear"), intelligent, voluntary and knowing waiver of the right to counsel cannot be established by a reference to unspecified AAA rules, especially a rule that did not exist when the arbitration agreement was

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS
ADJUDICATION 8:16-cv-02064-DOC

signed.   (Cf. <u>Baltazar</u> v. <u>Forever 21, Inc</u>. (2016) 62 Cal.4th 1237, 1246 (rules incorporated by reference rather than explicitly disclosed in the arbitration agreement more likely to be found unconscionable).

In the AAA hearing, VIP claimed there was no real loss of the right to counsel because even though Consumers could not be represented by counsel in the small claims court, they could be represented in any appeal which must be arbitrated.   This is a fallacy.   If Consumers were forced to file the small claims court actions, they would be the plaintiffs and therefore would have <u>no right to appeal</u>.   VIP have no incentive and no intention to file in small claims court.

## C.   ANY RULING ON THE VALIDITY OF THE PURPORTED CLASS ACTION WAIVER SHOULD BE DEFERRED.

VIP also asks the Court to enforce a purported "class action waiver" in the arbitration agreements.   However, if the court grants the motion to compel arbitration, it should leave that issue to the arbitrator.   If the court denies the motion to compel arbitration on the grounds that the arbitration provisions have been waived or abandoned, it can address any alleged class action waiver in the future, after proper briefing.   The <u>AT&T Mobility LLC</u> v. <u>Concepcion</u> (2011) 563 U.S. 333 case cited by VIP found that the Federal Arbitration Act preempted California case law finding "class action waivers" to be unconscionable and

24

unenforceable in certain circumstances.  However, the Supreme Court did not address whether class action waivers are enforceable under state law; it simply held any contrary state law was preempted by the FAA.  Since the FAA does not apply if there is no arbitration provision (as a result of abandonment or waiver). Accordingly, this Court should look to the California Supreme Court decision in <u>Discover Bank</u> v. <u>Superior Court</u> (2005) 36 Cal.4th 148, 162-163 (finding some class action waivers amount to illegal exemptions from liability in violation of California Civil Code § 1668.  Assuming there is a purported class action waiver, but no arbitration agreement, and in light of the fact the Parties have not addressed the factors set forth in Discover Bank, any ruling on the enforceability of such purported waiver should be deferred until the certification hearing or a properly filed motion to strike the class allegations.

## **CONCLUSION**

For the above stated reasons, Cross-Complainants respectfully urge the court to deny the motion to compel arbitration or small claims adjudication.

DATED: December 17, 2016

Respectfully submitted,

By     _/s/_Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Cross-Complainants

CROSS-COMPLAINANTS' OPPOSITION TO MOTION TO COMPEL ARBITRATION OR SMALL CLAIMS
ADJUDICATION 8:16-cv-02064-DOC