RALPH A. ZAPPALA, SBN 102052
ERIN S. SANCHEZ, SBN 238450
BUSBY ZAPPALA & SANCHEZ LLP
251 Lafayette Circle, Suite 350
Lafayette, CA 94549
Telephone: (925) 299-9600
Facsimile:    (925) 299-9608
rzappala@bzlawllp.com
esanchez@bzlawllp.com

Attorneys for Plaintiffs/Cross-Defendants
VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM; RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC; TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER; JOSHUA L. MITCHEM; STEVEN MITCHEM; and DUSTIN DERNIER

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM; RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC; TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER; JOSHUA L. MITCHEM; STEVEN MITCHEM, and, DUSTIN DERNIER<br><br>Plaintiffs,<br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION; JOHN W. GARMAN; DELBERT DAILY; SHARANJEET PAUL; RETHA WALKER and, DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.: 8:16-cv-02064-DOC<br><br>**CROSS-DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND SMALL CLAIMS ADJUDICATION AGREEMENTS**<br><br>**DATE:** January 9, 2017<br>**TIME:** 8:30 a.m.<br>**PLACE:** Courtroom 9C<br>411 West Fourth Street, 9th Fl.<br>Santa Ana, California |

## I. INTRODUCTION

This Court must grant Cross-Defendants' Motion to Enforce the Parties' Arbitration and Small Claims Adjudication Agreements because the parties do in fact have arbitration and small claims adjudication agreements and the disputes raised in the Cross-Complaint are encompassed by those agreements. Cross-Complainants' opposition does not contend otherwise. Rather, Cross-Complainants oppose the motion by misstating the authority of this Court and contending that Cross-Defendants waived the right to seek the relief requested. They are wrong. This Court has a duty to enforce the parties' arbitration and small claims adjudication agreements in accordance with those terms. Cross-Defendants' efforts to obtain such enforcement is not inconsistent with the terms of the agreements, but rather relies entirely upon those terms thereby precluding any finding of waiver. Accordingly, Cross-Defendants' Motion must be granted, the class action waiver enforced, this action dismissed, and the parties ordered to proceed with small claims adjudication or, in the alternative, arbitration in accordance with the terms of their agreements.

## II. THIS COURT MUST ENFORCE THE TERMS OF THE PARTIES' AGREEMENTS.

Cross-Complainants' arguments in their opposition must be rejected because they reflect a fundamental misunderstanding of the Federal Arbitration Act. They argue without citation to any source that this Court's authority is limited solely to compelling arbitration and apparently nothing else. See, e.g., Opposition, ECF No. 21 at 15 (arguing incorrectly that "[t]he FAA gives this court authority to order arbitration, but it does not give this Court authority to order 'small claims adjudication' whether the arbitration agreement purportedly authorizes this as an option or not").

Contrary to Cross-Complainants' position, the United States Supreme Court has reiterated that the principal purpose of the FAA is not to promote arbitration but "to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). See also *Morris v. Ernst & Young,*

*LLP*, 834 F.3d 975, 998 (9th Cir. 2016) (emphasizing that "Supreme Court precedent…has made it abundantly clear that arbitration agreements must be enforced according to their terms unless Congress has given an express contrary command").

Parties undoubtedly "may agree to limit the issues subject to arbitration…to arbitrate according to specific rules…and to limit with whom a party will arbitrate its disputes." *Id*. (emphasis in original). This includes class action waivers. *Id*. It has also been held that small-claims adjudication provisions are enforceable. *Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 880 (11th Cir. 2005). This Court is consequently obligated to enforce the parties' written agreements in accordance with the agreed upon terms even if it would lead to inefficient results. *Morris, supra,* 834 F.3d at 998; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 840 (9th Cir. 2010).

Cross-Complainants fail to challenge the authenticity of the agreements at issue or to deny the existence of the terms which encompass the very disputes addressed in their Cross-Complaint. They do not deny that those terms include the option to elect small-claims adjudication, class action waiver, and that the parties agreed to arbitrate in accordance with the rules of the selected arbitration administrator. Thus, the limited factors that a court is to consider when determining whether to enforce the parties' arbitration agreements weigh entirely in favor of enforcing the terms of the agreements here. See *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (stating that "the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue' ") (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Regardless, as set forth in Cross-Defendant's Motion, Cross-Complainants' conduct precludes them from making such challenges here. While Cross-Complainants argue at length their policy concerns with the various terms at issue, those concerns are not relevant to this Court's consideration because Cross-Complainants already voluntarily acted in conformance with those agreements and commenced arbitration. See Motion, ECF No. 15 at 6 and authorities

cited therein.  Their opposition omits any discussion of these authorities.  Accordingly, Cross-Defendants' Motion should be granted and the parties' agreements enforced according to their terms.

### III. CROSS-COMPLAINANTS FAIL TO DEMONSTRATE WAIVER.

Instead of addressing the bases for Cross-Defendants' Motion, Cross-Complainants rely on the illogical position that Cross-Defendants waived enforcement of the contractual agreements between the parties by filing a lawsuit to do nothing more than enforce the terms of the contractual agreements between the parties.  Waiver is Cross-Complainants' burden to demonstrate and it is a high burden to meet.  See *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (cautioning that "because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof' ") (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691 (9th Cir. 1986).  They did not and cannot meet their burden.

#### A. Cross-Defendants Acted Entirely Consistent With the Terms of the Parties' Agreements.

The ultimate inquiry in evaluating waiver is "to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate."  *Id*.  In order to make this argument, Cross-Complainants resort to misrepresentation which only underscores that their waiver argument is meritless.  They suggest that it was Cross-Defendants' position that "the only forum available to Consumers was small claims court."  Opposition, ECF No. 21 at 8.  Furthermore, they contend that "VIP unequivocally abandoned the arbitration process in favor of a court process." Id. at 12. This is not so because Cross-Defendants have always relied on the terms of the parties' agreements, the rules of AAA, and the right of the parties to have the disputes raised by Cross-Complainants heard in arbitration or through small claims adjudication.  Indeed, the AAA actions are still pending.

Cross-Defendants indisputably participated in the arbitration process in compliance with the parties' agreements.  When AAA and Cross-Complainants refused to abide by the terms of the parties' agreements by refusing to honor Cross-Defendants' election to proceed with small-claims adjudication pursuant to the parties' agreement and also Rule 9 of AAA's consumer

arbitration rules, Cross-Defendants were required to file a lawsuit seeking injunctive relief to ensure that the parties' agreements were enforced. See Complaint, ¶¶ 49-50, 57-67, attached as Exhibit 16 to the Declaration of Erin S. Sanchez ("Sanchez Declaration") (alleging that Cross-Defendants and AAA were acting in contravention of the Arbitration Agreements and seeking judicial intervention as a result). It is inconceivable how Cross-Defendants can be deemed to have acted inconsistently with the parties' contractual agreements by filing a lawsuit to have the terms of those very agreements enforced and nothing else.

Remarkably, Cross-Complainants concede that the challenges raised by Cross-Defendants in the Complaint were proper. See Opposition at ECF No. 21 at 17 (arguing that Cross-Defendants "could have given up, proceeded with the arbitrations, and then challenged any adverse award during the normal judicial review of arbitration awards") (emphasis added). It appears then that Cross-Complainants are only concerned with the timing of Cross-Defendants' state-filed Complaint, not its arguments or the relief sought. If they were correct—and they are not—then Cross-Defendants' conduct would only be deemed premature, not a waiver of enforcement of the terms of the parties' agreements.

Still, Cross-Complainants' timing argument is simply wrong because Cross-Defendants' lawsuit—and its timing—were explicitly authorized by California and Federal law. See *Stasz v. Schwab*, 121 Cal.App.4th 420, 442 (2004) (holding that "[i]f an arbitrator or sponsoring organization mistakenly accepts jurisdiction, a party may…seek judicial relief to enjoin the arbitration"). See also 9 U.S.C. § 4 (providing that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition… for an order directing that such arbitration proceed in the manner provided for in such agreement") (emphasis added); *Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973) (holding that a party may be entitled to immediate judicial review of an arbitrator's ruling); *Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Division*, 315 F.2d 538, 542 (4th Cir. 1963) (observing that the Federal Arbitration Act "does not oust the jurisdiction of the court…The statute itself envisages exertion by the court of equitable checks and balances; supervision of the arbitration by the court is expected"); *Diemaco, a Div. of Devtek Corp. v.*

*Colt's Mfg. Co., Inc.*, 11 F.Supp.2d 228, 232 (D. Conn. 1998) (noting a court can intervene in a pending arbitration to prevent violation of general contract principles).

It was additionally proper for Cross-Defendants to file a lawsuit prior to the arbitrator reaching the merits of the arbitration actions so that there was no argument that they had waived their challenge to the arbitrator's jurisdiction after their small-claims adjudication election.  See *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (holding that there was no waiver where the party "forcefully objected to arbitrability at the outset of the dispute, never withdrew that objection, and did not proceed to arbitration on the merits"); *Textile Unlimited, Inc. v. A. BMH & Co.*, 240 F.3d 781, 784, 788 (9th Cir. 2001) (party did not waive objection to arbitrator's jurisdiction because it reserved its right in writing to challenge AAA's jurisdiction); *Pension Plan for Pension Trust Fund for Operating Engineers v. Weldway Const., Inc.*, 920 F. Supp. 2d 1034, 1049 (N.D. Cal. 2013) (ruling that a party did not waive challenge to arbitration where it participated in arbitration to challenge the arbitrator's jurisdiction).

The filing of the lawsuit by Cross-Defendants was taken prior to reaching the merits of the claims through arbitration, at least in part, to avoid the Cross-Complaints' arguing in the future that Cross-Defendants' waived the right to challenge the exercise of jurisdiction by AAA and the arbitrator because Cross-Defendants sought the requested relief after the arbitration proceedings were concluded.  Further, the Cross-Defendants filing of the lawsuit at the outset of the improper exercise of jurisdiction by AAA and the arbitrator avoids the parties incurring the cost of going through the arbitration process, rather than small claims adjudication, only to subsequently request the relief sought in the lawsuit and potentially have the arbitration proceedings undone for lack of jurisdiction. When Cross-Defendants did properly file a lawsuit seeking enforcement of the terms of the parties' agreement and nothing else, it appears that Cross-Complainants attempted to lure Cross-Defendants into waiving enforcement of those terms by pursuing a determination on the merits of the dispute through their Cross-Complaint. The filing of the Cross-Complaint is compelling because had a judicial order actually bound the parties to arbitration and nothing else (as the AAA arbitrator erroneously ruled in the underling arbitration actions), Cross-Complainants presumably would not have violated such an order by

seeking judicial relief on the merits of their claims. To assure that the merits of the disputes were not addressed and to avoid any waiver argument, Cross-Defendants prudently dismissed their complaint and sought enforcement of the terms of the parties' arbitration agreements from this Court through their Motion.

Cross-Complainants' violation of the terms of the parties' arbitration agreements should not be condoned by this Court. Rather, the proper course is for this Court to enter an Order enforcing the terms of the parties' agreements by enforcing the class action waiver, dismissing this action, and ordering the parties to proceed with small claims adjudication or, in the alternative, arbitration in accordance with the terms of their agreements.

### B. Cross-Complainants' Cited Authorities Disprove Their Arguments and Confirm That Waiver Did Not Occur Here.

Cross-Defendants will briefly address the authorities cited by Cross-Complainants as support for their waiver argument because those authorities only further illustrate that Cross-Defendants acted consistent with the terms of the parties' agreements and that Cross-Complainants' waiver argument is meritless.

Some of Cross-Complainants' authorities found waiver where the party had refused to participate in arbitration. In *Brown v. Dillards*, the Ninth Circuit held that waiver occurred where an employer breached the terms of the agreement with its employee by refusing "to participate in the arbitration process at all." 430 F.3d 1004, 1010 (9th Cir. 2005). See also *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) (holding that the party waived arbitration by failing to pay required arbitration costs resulting in the arbitration finding the party to be in default); *Samson v. Nama Holdings, LLC*, No. CV 09-01433 MMM PJWX, 2009 WL 9150841, at *15 (C.D. Cal. May 20, 2009), aff'd, 637 F.3d 915 (9th Cir. 2011) (finding that a party acted in a bad faith attempt to frustrate the other party's right to arbitrate when "they consistently refused to arbitrate claims against them in their individual capacity, while simultaneously insisting that they had the right to assert affirmative claims against [the other party] in the arbitration").

Here, Cross-Defendants did not refuse to participate in arbitration. Indeed, Cross-Complainants concede that the Cross-Defendants paid the arbitration fees and elected for small claims adjudication consistent with the parties' contractual agreements and AAA's Consumer Arbitration Rules. Opposition, ECF No. 21 at 7-8, 11.

The holding in *Cox v. Ocean View Hotel Group*, cited by Cross-Complainants, is instructive. There the Ninth Circuit held that the district court erred in ruling that the defendant repudiated or waived the right to arbitrate the dispute. 533 F.3d 1114, 1123-1126 (9th Cir.2008). The plaintiff employee prior to filing a lawsuit had written a letter to the defendant employer requesting dates and times for an arbitration hearing. *Id*. at 1118. The Ninth Circuit concluded, however, that this letter was inadequate to initiate an arbitration action. *Id*. at 1122. Rather, the parties' arbitration agreement provided that disputes were to be settled in accordance with AAA's arbitration procedures. *Id*. This language therefore "clearly integrated those rules and procedures" of AAA into the parties' contractual agreement. *Id*. Because AAA's rules and procedures require the filing of a demand with AAA and no such demand was filed by the plaintiff, the plaintiff employee could not contend that the defendant employer had repudiated the agreement by not participating in arbitration. *Id*.

Furthermore, the Ninth Circuit emphasized that there was no waiver in Cox because any prejudice in the form of costs and delay was the result of the plaintiff employee's failure to comply with AAA's rules and procedures and thus were attributable to the plaintiff employee and not the defendant employer. *Id*. at 1126. See also *Day v. Microsoft Corp.*, No. C13-478-RSM, 2014 WL 243159, at *4 (W.D. Wash. Jan. 22, 2014) (ruling that a party did not act inconsistent with the right to arbitrate when the plaintiff failed to adequately demand arbitration).

Thus, under *Cox*, Cross-Defendants clearly have not repudiated the parties' agreements. If anyone has done so it is Cross-Complainants who refused to arbitrate in compliance with the parties' contractual agreement which explicitly reserves to the parties the right to elect small claims' adjudication. See Agreements, ECF No. 15-1 at 211 (¶ 5(i)), 214 (¶ 5(i)), and 218 (at ¶ 8). These agreements as in Cox incorporated the rules and procedures of AAA including Rule 9 of the Consumer Arbitration Rules. Id. at 211 (¶ 5(e)), 214 (¶ 5(e)), and 218 (at ¶ 6). Cross-

Complainants' conduct in proceeding with arbitration despite the timely election under the parties' agreements as well as Rule 9 of AAA's Consumer Arbitration Rules further violated the parties' agreements.

Cross-Complainants' waiver argument therefore fails because the costs and delay asserted by Cross-Complainants here are attributable solely to them by failing to comply with the terms of the parties' agreements and by persisting that AAA assert jurisdiction in contravention of AAA's Consumer Arbitration Rules including Rule 9 which authorized Cross-Defendants to elect small claims adjudication in lieu of arbitrating through AAA. See Rule 9 of AAA's Consumer Arbitration Rules, ECF No. 15-1 at 239. See also Small Claims Election, ECF No. 15-1 at 262.

Cross-Complainants' waiver argument further fails under their own cited authorities because the mere filing of a lawsuit does not constitute the waiver of a party's right to seek enforcement of the parties' arbitration agreements and attendant terms. *Saint Agnes Med. Ctr. v. PacifiCare of California*, 31 Cal. 4th 1187, 1201, 82 P.3d 727, 736–37 (2003). Where a lawsuit has been filed and it is apparent that the terms of the arbitration agreement such as "where to arbitrate" are in dispute the "prudent course of action is to compel arbitration" as ordered by the court. *Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1118 (D. Nev. 2012). There is "no reason to doubt that its Orders in this case will be enforced by the arbitrator" rather than find waiver through litigation conduct. *Id*. Thus, Cross-Complainants' suggestion that the relief sought by Cross-Defendants would promote an endless cycle is unfounded.

Furthermore, this case is entirely distinguishable from *Riverside Publ'g Co. v. Mercer Publ'g LLC* where a party waived arbitration by seeking injunctive relief "without acknowledging the arbitrability of its claims" and then sought to compel arbitration after injunctive relief was denied. 829 F. Supp. 2d 1017, 1020–21 (W.D. Wash. 2011). Here, the underlying Complaint filed by Cross-Defendants was based solely on the arbitrability of Cross-Complainants' claims and merely sought judicial enforcement of the terms of the parties' agreements.

Finally, even if this Court determined that Cross-Defendants somehow acted inconsistent with the terms of the parties' agreements by filing a lawsuit seeking judicial enforcement of the terms of the parties' agreements, Cross-Complainants cannot establish prejudice to support a waiver argument as established by their own cited authorities because enforcement of the terms of the parties' agreements has been the sole pursuit of Cross-Defendants from the outset of this action.  See *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 591 (7th Cir. 1992) (holding that prejudice existed by making the other party participate in discovery unavailable in arbitration and "endure two years of what would have been…wasted litigation"); *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991) (noting that prejudice may exist where a party invokes arbitration after losing a motion on the merits or postponing the right to arbitrate thereby causing the other party to incur unnecessary delay or expense); *Jones Motor Co. v. Chauffeurs, Teamsters & Helpers Local Union No. 633 of New Hampshire*, 671 F.2d 38, 44 (1st Cir. 1982) (finding prejudice where a party conducted discovery and moved for summary judgment on the merits before seeking arbitration); *Ford v. Yasuda*, No. 5:13-CV-01961-PSG, 2015 WL 3650216, at *6 (C.D. Cal. Apr. 29, 2015), aff'd sub nom. *Martin v. Yasuda*, 829 F.3d 1118 (9th Cir. 2016) (finding waiver because "Defendants' protracted silence regarding arbitration, their delay in moving to compel, and their decision to take active part in 17 months of litigation (including the resolution of a motion to dismiss) is inconsistent with a right to arbitration"); *Platte River Ins. Co. v. Dignity Health*, No. C-12-2356 EMC, 2013 WL 1149656, at *8 (N.D. Cal. Mar. 19, 2013) (noting that prejudice typically is found where litigation was used to obtain discovery not otherwise available in the arbitration proceeding, caused the loss of evidence, or waited until the eve of trial to seek arbitration); *Steiner v. Horizon Moving Sys., Inc.*, No. EDCV 08-682-VAP(CTX), 2008 WL 4822774, at *3 (C.D. Cal. Oct. 30, 2008) (ruling that prejudice existed where the party moving to compel arbitration waited until after a year of litigation and remand was denied before seeking arbitration).

Cross-Defendants have not engaged in discovery, have not sought a ruling on the merits of this action, and have not otherwise delayed in seeking enforcement of the parties' agreements. Cross-Complainants fail to demonstrate any prejudice.

## IV. CROSS-COMPLAINANTS ARE PRECLUDED FROM CHALLENGING THE TERMS OF THE PARTIES' AGREEMENTS.

A significant portion of Cross-Complainant's opposition addresses their arguments regarding the enforceability of the various terms that they concede exist in the parties' agreements. ECF No. 21 at 20-30. As noted above, Cross-Complainants are precluded from making such challenges here after voluntarily commencing arbitration pursuant to these terms without reserving their objections.

Nonetheless, Cross-Defendants addressed at length in the underlying arbitration actions Cross-Complainant's arguments and will therefore not repeat them here because they are not properly before this Court. See Respondents' Brief Regarding Election to Adjudicate Disputes in California's Small Claims Court, attached to the Sanchez Declaration as Exhibit 17; Claimants' Opposition to Respondents' Motion to "Close" the Arbitration Cases, attached to the Sanchez Declaration as Exhibit 18; Respondents' Reply Brief Regarding Election to Adjudicate Disputes in California's Small Claims Court, attached to the Sanchez Declaration as Exhibit 19. Still, it must be noted that despite what Cross-Complainants suggest in their opposition, the arbitrator's underlying jurisdictional determination did not address Cross-Complainant's policy concerns, or AAA's rules of arbitration, or even the terms of the arbitration agreements at issue. Instead, the arbitrator reasoned that the *Gilbert* and *Pham* Orders which are discussed in Cross-Defendants' Motion were somehow binding on the parties here. See Arbitrator's Ruling on the Dispositive Motion Filed by Respondents, attached to the Sanchez Declaration as Exhibit 20.

Cross-Complainants exploit this faulty rationale at page 1-2 of their Opposition by suggesting that they were bound to arbitrate by the *Gilbert* Order. The *Gilbert* Order itself reflects that the only claimants ordered to arbitrate were the named individual plaintiffs in that lawsuit, none of whom are party to this action or the underlying arbitration actions. See ECF No. 15-1 at #276-77 (dismissing all claims without prejudice by Sean Gilbert, Keeya Malone, and Charmain Aquino against Rare Moon Media, LLC, Jeremy Shaffer, Brade Levene, Lindsey Coker, and Josh Mitchem). While the Cross-Complainants may have been subsequently included within the certified class in that action, they voluntarily chose to arbitrate their claims here against Cross-Defendants pursuant to AAA's Consumer Arbitration Rules. See Wilens

Declaration, ECF No. 21-1 at 2 (declaring "[i]n light of the reality their loan agreements contained the same arbitration agreements that were present in the loan agreements in the Gilbert case, between February 5, 2016 and February 16, 2016, they filed individual arbitration actions against VIP in the American Arbitration Association"). They were not ordered to do so. Any suggestion to the contrary is improper.

## V. CONCLUSION

It is undisputed that the parties agreed to arbitrate in accordance with the rules of AAA, reserved the right to the parties to elect small claims adjudication, and waived the right to have trial by jury or court other than small claims or to participate in any class action. This Court must therefore enforce those terms, dismiss this action, and order the parties to small claims adjudication, or in the alternative, arbitration in accordance with those terms.

Respectfully submitted,

Dated: December 23, 2016          BUSBY ZAPPALA & SANCHEZ LLP

By:_____/s/_____
              RALPH A. ZAPPALA
              ERIN S. SANCHEZ
Attorneys for Plaintiffs/Cross-Defendants
VIP PDL SERVICE, LLC, d/b/a VIP LOAN SHOP; SCS PROCESSING, LLC; FAST EFNDS, a/k/a/ FastEfunds.COM; RARE MOON MEDIA, LLC; ENCOMPASS CONSULTING GROUP, LLC; E-FINANCE CALL CENTER SUPPORT, LLC; TOTAL ACCOUNT RECOVERY, LLC; JEREMEY D. SHAFFER; JOSHUA L. MITCHEM; STEVEN MITCHEM; and DUSTIN DERNIER

# CERTIFICATE OF SERVICE

I, Jackie Dahlgard, declare that:

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and am not a party to the within action; my business address is 251 Lafayette Circle, Suite 350, Lafayette, California, 94549.

On December ___, 2016, I served **REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND SMALL CLAIMS ADJUDICATION AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND SMALL CLAIMS ADJUDICATION AGREEMENTS** on the interested parties in this action by electronically serving as set forth below.

[ X ]   (By CM/ECF): A copy of the above and foregoing documents were electronically filed with the Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

[  ]   (By Mail [State]) I am readily familiar with the practices of Busby Zappala & Sanchez LLP for the collection and processing of correspondence for mailing with the United States Postage Service; it is deposited with the United States Postal Service on the same date in the ordinary course of business at the business address shown above; I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

[X]   Executed on December ___, 2016, at Lafayette, California.

[X]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the Bar at whose direction this service was made.

/s/_____
Jackie Dahlgard

## SERVICE LIST

| | |
|---|---|
| Jeffrey Wilens<br>Lakeshore Law Center<br>18340 Yorba Linda Blvd., Suite 107-610<br>Yorba Linda, CA 92886<br><br>**Attorney for Cross-Complainants Delbert Daily, Sharanjeet Paul, Retha Walker** | Jeffrey P. Spencer<br>Spencer Law Firm<br>903 Calle Amanecer, Suite 220<br>San Clemente, CA 92673<br><br>**Attorney for Cross-Complainants Delbert Daily, Sharanjeet Paul, Retha Walker** |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. THIS COURT MUST ENFORCE THE TERMS OF THE PARTIES' AGREEMENTS. 1

III. CROSS-COMPLAINANTS FAIL TO DEMONSTRATE WAIVER. .............................. 3

  A. Cross-Defendants Acted Entirely Consistent With the Terms of the Parties' Agreements. 3

  B. Cross-Complainants' Cited Authorities Disprove Their Arguments and Confirm That Waiver Did Not Occur Here. ........................................................................................... 6

IV. CROSS-COMPLAINANTS ARE PRECLUDED FROM CHALLENGING THE TERMS OF THE PARTIES' AGREEMENTS. ............................................................. 10

V. CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973) ........... 4

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ..................................................... 1

*Brown v. Dillards*, 430 F.3d 1004, 1010 (9th Cir. 2005) ............................................................... 6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) ....................... 2

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) ..................................... 2, 7

*Day v. Microsoft Corp.*, No. C13-478-RSM, 2014 WL 243159, at *4 (W.D. Wash. Jan. 22, 2014) ................................................................................................................................................ 7

*Diemaco, a Div. of Devtek Corp. v. Colt's Mfg. Co., Inc.*, 11 F.Supp.2d 228, 232 (D. Conn. 1998) ............................................................................................................................................ 4

*Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691 (9th Cir. 1986) ................................................ 3

*Ford v. Yasuda*, No. 5:13-CV-01961-PSG, 2015 WL 3650216, at *6 (C.D. Cal. Apr. 29, 2015) . 9

*Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1118 (D. Nev. 2012) ....... 8

*Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 880 (11th Cir. 2005) ........... 2

*Jones Motor Co. v. Chauffeurs, Teamsters & Helpers Local Union No. 633 of New Hampshire*, 671 F.2d 38, 44 (1st Cir. 1982) ................................................................................................... 9

*Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991) ............................................................... 9

*Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Division*, 315 F.2d 538, 542 (4th Cir. 1963) 4

*Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) ............................................................ 3, 9

*Morris v. Ernst & Young, LLP*, 834 F.3d 975, 998 (9th Cir. 2016) ........................................... 1, 2

*Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) ............................................ 5

*Pension Plan for Pension Trust Fund for Operating Engineers v. Weldway Const., Inc.*, 920 F. Supp. 2d 1034, 1049 (N.D. Cal. 2013) ....................................................................................... 5

*Platte River Ins. Co. v. Dignity Health*, No. C-12-2356 EMC, 2013 WL 1149656, at *8 (N.D. Cal. Mar. 19, 2013) ..................................................................................................................... 9

*Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 840 (9th Cir. 2010) ........................................... 2

*Riverside Publ'g Co. v. Mercer Publ'g LLC,* 829 F. Supp. 2d 1017, 1020–21 (W.D. Wash. 2011) ............................................................................................................................... 8

*Saint Agnes Med. Ctr. v. PacifiCare of California*, 31 Cal. 4th 1187, 1201, 82 P.3d 727, 736–37 (2003) .................................................................................................................................. 8

*Samson v. Nama Holdings, LLC*, No. CV 09-01433 MMM PJWX, 2009 WL 9150841, at *15 (C.D. Cal. May 20, 2009), aff'd, 637 F.3d 915 (9th Cir. 2011) ....................................... 6

*Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) ............................................. 6

*St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 591 (7th Cir. 1992) .................................................................................................................................. 9

*Stasz v. Schwab*, 121 Cal.App.4th 420, 442 (2004) ........................................................................ 4

*Steiner v. Horizon Moving Sys., Inc.*, No. EDCV 08-682-VAP(CTX), 2008 WL 4822774, at *3 (C.D. Cal. Oct. 30, 2008) ........................................................................................................ 9

*Textile Unlimited, Inc. v. A. BMH & Co.*, 240 F.3d 781, 784, 788 (9th Cir. 2001) ....................... 5

*Volt Info. FCIS., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) ....................................................................................................................................... 1

**Statutes**

9 U.S.C. § 4 ...................................................................................................................................... 4