**EXHIBIT 19**

1  **BUSBY & ZAPPALA, LLP**
Ralph A. Zappala  SB# 102052
2  251 Lafayette Circle, Suite 350
Lafayette, CA  94549
3  (925) 299-9600
rzappala@bzlawllp.com
4

5  **PAUL CROKER \***
**ARMSTRONG TEASDALE LLP**
6  2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
7  Telephone:     816-221-3420
Facsimile:     816-221-0786
8  pcroker@armstrongteasdale.com
*\* Pro Hac Vice Application Pending*
9

10  *Attorneys For Respondents*
*FSST Financial Services, LLC d/b/a*
11  *VIP Loan Shop, et al*

12                      **AMERICAN ARBITRATION ASSOCIATION**

13

14  DELBERT DAILY - CLAIM #2              Case Nos. 01-16-0000-4222;
SHARANJEET PAUL - CLAIM #2                       01-16-0000-4991;
15  RETHA P. WALKER - CLAIM #1                     01-16-0000-3815

16              Claimants,

17        v.                                **RESPONDENTS' REPLY BRIEF**
**REGARDING ELECTION TO**
18  FSST FINANCIAL SERVICES, LLC d/b/a     **ADJUDICATE DISPUTES IN**
VIP LOAN SHOP, et al                   **CALIFORNIA'S SMALL CLAIMS**
19                                          **COURT**
              Respondents.
20

21

22  **I. INTRODUCTION**

23        Respondents will reply to the five arguments Claimants put forth in opposition to

24  Respondents' request for these matters to be closed and referred to adjudication in California's

25  small claims court: (A) Lack of Personal Jurisdiction, (B) Inapplicability of the Pertinent

26  Provisions of the Arbitration Agreement and AAA Rules, (C) Violation of Claimants' Right to

27  Due Process, (D) Lack of Subject Matter Jurisdiction, and (E) Small Claims Courts Lack the

28                                          -1-

**EXHIBIT 19**

Power to Grant the Requested Relief. Each of these arguments fails to provide a valid basis not to grant Respondents' request. Thus, Respondents' election to adjudicate these disputes in California's small claims court must be honored.

## II. ARGUMENT AND AUTHORITIES

### A. Personal Jurisdiction Is Not An Obstacle To Having These Cases Heard In Small Claims Court.

Claimants attempt to muddy the water by improperly muddling together the doctrines of service of process, subject matter jurisdiction, and personal jurisdiction. Respondents will address these subjects one at a time to clarify the issues.

Claimants rely in error on C.C.P. § 116.340 for the assertion that the Respondents cannot be served with process in a small claims court action and that such courts would not have jurisdiction over Respondents because they are located outside of California. However, C.C.P. § 116.340 merely requires Respondents to be served within California with respect to a small claims court action.

Respondents will authorize their counsel located in California, Ralph Zappala, to accept service of process with respect to a California small claims court action pertaining to the subject loans without waiving any of their defenses. This arrangement removes any issues with respect to service of process. In light of this agreement as to service, the provisions of C.C.P. §116.340 in no way bear on the jurisdiction of the small claims court. In fact, the term "jurisdiction" is mentioned once in C.C.P. § 116.340 with respect to service on a principal and is not relevant to the present cases. C.C.P. § 116.340(h).

It follows that Claimants incorrectly assert that personal jurisdiction warrants denial of their request to have these disputes decided in small claims court and, therefore, the personal jurisdiction issues raised by Claimants should not be considered with regard to Respondents' request.

-2-

**B.      AAA's Rules and the Arbitration Agreements Require the Enforcement Respondents' Small Claims Court Election.**

**1. Rule 9(b) Governs Respondents' Request for These Cases to be Decided in Small Claims Court.**

Respondents' request to have these matters decided by a small claims court is governed by Rule 9 of AAA's Consumer Arbitration Rules ("Rule 9") and paragraphs 5(c) and 5(i) of the Arbitration Agreement (collectively "Paragraphs 5(c) and 5(i)"). (Exhibits A and B §§ 5(c) and 5(i) and Exhibit C ¶¶ 4 and 8). With respect to the AAA Rules, Rule 9(b) controls Respondents' request to have these matters decided in small claims court, not Rule 9(c) as Claimants assert disingenuously.

On February 23, 2016, Claimants' counsel sent an email to Jennifer McDermott with AAA confirming that Respondents have a standing request regarding the pending and future cases to be decided in small claims court. (Email from Paul Croker to Jennifer McDermott, dated February 22, 2016, and email from Jeffrey Wilens to Jennifer McDermott, dated February 23, 2016, attached hereto as Exhibit D.) The Arbitrator was not appointed with respect to the present cases until April 5, 2016. (Letters from Jennifer McDermott to Jeffrey Wilens and Paul Croker, dated April 5, 2016, attached hereto as Exhibit E.) Therefore, Respondents made their request to have the three cases before the Arbitrator decided in small claims court after the cases were filed and prior to the appointment of the Arbitrator.

**2. Rule 9 and the Arbitration Agreements Allow Claimants or Respondents to Elect Small Claims Court.**

Claimants assert incorrectly that Rule 9 and Paragraphs 5(c) and 5(i) only allow a claimant, not a respondent, to decide to have a dispute determined in small claims court without an explanation and contrary to the express language of these provisions. Rule 9(b) states in no uncertain terms that, "[i]f a party's claim is within the jurisdiction of a small claims court, *either party* may choose to take the claim to [small claims] court instead of arbitration." [*Emphasis added*]. Moreover, Rule 9(b) and (c) both state that, "...a party can send a written notice to the

Case Nos. 01-16-0000-4222; 01-16-0000-4991; 01-16-0000-3815

1    *opposing party* and the AAA that it wants the case decided by a small claims court." [***Emphasis***
2    ***added***]. This language clearly articulates that a claimant or a respondent may make the small
3    claims court election at any time during the arbitration proceedings.

4         The unambiguous language of Rule 9 can only be construed to provide that either
5    Claimants or Respondents may decide to have a small claims court decide the claims, regardless
6    of which party filed the cases with the AAA. Claimants do not offer a legitimate alternative
7    interpretation of Rule 9, because such an alternative does not exist. Respondents' decision to
8    have these matters decided in small claims court must be honored under Rule 9.

9         Similarly, the terms of the Arbitration Agreement clearly provide that Respondents may
10   elect to have these claims decided by a small claims court. Paragraph 5(i) establishes that either
11   party to the Arbitration Agreement retains the right to have a covered dispute heard in small
12   claims court. Specifically, Paragraph 5(i) provides that, "[a]ll parties, including related third
13   parties, shall retain the right to seek adjudication in a small claims tribunal for disputes within
14   the scope of such tribunal's jurisdiction." (Exhibits A, B, and C to Respondents' Brief, ¶¶ 5(i),
15   5(i) and 8, respectively). Moreover, Paragraph 5(c) states that, Claimants are waiving their right
16   to have a court, ***other than a small claims tribunal***, resolve ***any dispute*** alleged against the
17   Respondents. (*Id.* at 5(c), 5(c) and 4). These Paragraphs are unambiguous and clearly provide
18   that either Claimants or Defendants can decide to have any dispute adjudicated in a small claims
19   court, just as Rule 9 does.

20        Claimants attempt to downplay the significance of the holding in *Jenkins. Jenkins v. First*
21   *Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 879 (11th Cir. 2005). The court held that the
22   arbitration provision at issue in the present cases, which provides that either party may elect to
23   have a dispute heard in arbitration proceedings, is not unconscionable. Claimants are attempting
24   to advance an unconscionability argument here, although they may not label it as such, despite
25   the court in *Jenkins* finding that the same provision was valid and enforceable.

26        Finally, the subject claims are within the jurisdiction of a small claims court as explained
27   in Respondents' motion and below in this Reply Brief and, therefore, both Rule 9 and Paragraphs
28

-4-

1    5(c) and 5(i) permit Respondents or Claimants to elect to have these cases decided in small

2    claims court. Accordingly, Respondents' request must be granted.

3           **3. These Cases Are Subject to the AAA Rules in Effect at the Time They**

4           **Were Filed.**

5           Claimants would have the Arbitrator believe that these cases are subject to the AAA

6    Rules in effect at the time the Claimants entered into the Arbitration Agreements in 2011, as

7    opposed to the AAA Rules in effect at the time these cases were filed in 2016. Respondents will

8    briefly address this argument as it defies reason and AAA's Consumer-Related Disputes

9    Supplementary Procedures ("AAA's Procedures") on which Claimants rely.

10          While Claimants cite to AAA's Procedures in support of their arguments, they fail to

11   point out that AAA's Procedures expressly provide that, "The AAA's most current rules will be

12   used when the arbitration is started." (Exhibit 4 to Claimants' Opposition Brief p. 86, AAA

13   Supplementary Procedures for the Resolution of Consumer-Related Disputes, C-1 p. 8).

14          As a result, there is no doubt that the current AAA Rules, including Rule 9, govern these

15   cases.

16          **4. AAA's Due Process Protocol and Procedures Envision Consumer Claims**

17          **Being Heard in Small Claims Court.**

18          Claimants attempt to argue that the AAA's Due Process Protocol ("AAA's Protocol")

19   and Procedures only contemplate a claimant, not a respondent, deciding whether to pursue an

20   action in small claims court.   Rule 9, as well as AAA's Protocol and Procedures are all

21   inapposite to Claimants' position.

22          Rule 9 and AAA's Protocol exist in harmony and permit Respondents' small claims court

23   election. In fact, the Introduction Section of the AAA Rules ("Introduction") states,

24          "Consumers and businesses are permitted to seek relief in a small claims court for

25          disputes or claims within the scope of the small claims court's jurisdiction. These

26          Rules were drafted and designed to be consistent with the minimum due process

27          principles of the Consumer Due Process Protocol."

28

Case Nos. 01-16-0000-4222; 01-16-0000-4991; 01-16-0000-3815

(Exhibit 3 to Claimants' Opposition p. 40, AAA's Rules p. 6). The Introduction makes it clear that AAA's Rules, including Rule 9, were drafted in harmony with the Due Process Protocol.

For instance, C-1 of AAA's Protocol provides that "Parties can still take their claims to a small claims court…" even after an arbitration case is filed. (Exhibit 4 to Claimants' Opposition p. 86, AAA' Procedures p. 8). Principle 5 of AAA's Protocol cited by Claimants supports Respondents' right to have these cases heard in small claims court. It provides that consumer arbitration agreements "…should make it clear that all parties retain the right to seek relief in small claims court…" (Exhibit 5 to Claimants' Opposition p. 110, AAA's Protocol p. 16). Relief may take different forms for Claimants and Respondents. The relief sought by Claimants may take the form of monetary damages, while the relief sought by Respondents may take the form of entry of judgment in their favor. Nevertheless both parties are seeking relief in this case and AAA's Protocol envisions all parties having the right to seek such relief in small claims court. Further, the Reporter's Comments to Principle 5 clearly states that, "…access to small claims tribunals is an important right of Consumers..." (Exhibit 5 to Claimants' Opposition p. 111, AAA's Protocol p. 17).

It follows that having these cases heard in small claims court is not detrimental to the Claimants as they would like the Arbitrator to believe. Rather, Rule 9 and AAA's Protocol and Procedures make it clear that not only do they envision having these cases heard in small claims courts, they provide all parties with the right to elect to have these types of disputes determined in such courts.

**5. Rule 9 Governs in the Event of a Dispute Between Rule 9 and AAA's Protocol.**

Claimants appear to assert that Rule 9 and AAA's Due Process Protocol are in conflict. (Claimants' Opposition Brief, pp. 6-7). Claimants make this assertion in error as explained above.

In any event, AAA's Protocol in effect from at least 2010 to present has always provided that, "Where the general principles set forth in this Protocol conflict with more specific standards developed under the auspices of the AAA or some other independent organization with relatively

-6-

broad participation by affected parties, the latter should govern." (Exhibit 5 to Claimants' Opposition Brief p. 99, AAA Consumer Due Process Protocol p. 5; Also see AAA Consumer Due Process Protocol dated February 23, 2010, at https://web.archive.org/web/20100223025902/http://www.adr.org/sp.asp?id=22019, attached hereto as Exhibit F).

To the extent there is a conflict between Rule 9 and AAA's Protocol, Rule 9 constitutes a more specific standard that was developed under the auspices of the AAA and, therefore, Rule 9, not AAA's Protocol, govern Respondents' small claims court election.

**C. Claimants' Due Process Rights Are Not Violated By Enforcing Respondents' Small Claims Court Election.**

Claimants attempt to argue that their due process rights will be violated if Respondents are permitted to exercise their right to have these cases heard in small claims court. Claimants make two arguments as to why the Respondents' small claims court election will violate their due process rights, that is, they did not file in small claims court and they cannot be represented by counsel in small claims court. Neither one of these arguments provide the basis for a due process violation for the reasons set forth below.

**1. Claimants Selected AAA as the Administrator and Cannot Now Claim that AAA's Rules Deprive Them of Due Process.**

Claimants unilaterally chose AAA to administer these cases. Claimants should not be allowed to cite the very AAA Rules that they selected to be governed by as the basis for a due process violation.

Claimants cite *Prudential Ins. Co.* for the proposition that a due process violation does not exist as a result of a plaintiff not having the right to be represented by an attorney in small claims court or not having the right to appeal, because the plaintiff voluntarily filed an action in that forum. *Prudential Ins. Co. v. Small Claims Court*, 76 Cal.App.2d 379 (1946). Claimants argue that they chose arbitration, not small claims court, to decide their claims and, as a result,

-7-

1   Respondents' election to have these disputes heard in small claims court somehow violates their

2   due process rights.

3       However, Claimants fail to see that the current situation regarding their cases is nearly

4   identical and certainly analogous to the factual and legal scenario cited by Claimants in

5   *Prudential Ins. Co.* That is, Claimants voluntarily chose AAA to administer these cases with the

6   advice of counsel and, therefore, agreed to be subject to AAA's Rules, including Rule 9, which

7   allows either Respondents or Claimants to have these disputes heard in small claims court

8   regardless of the fact that Claimants initially filed these cases with the AAA. Claimants had other

9   options under the Arbitration Agreements, however, they elected to file their cases with AAA

10   under its Rules and now they must abide by them.

11       Just as in *Prudential Ins. Co.*, a due process violation does not exist in this instance,

12   because Claimants voluntarily chose to file their case with AAA, which allows for either

13   Respondents or Claimants to have these cases heard in small claims court. To put it in terms of

14   the holding in *Prudential Ins. Co.*, Claimants cannot object to Respondents' request to have these

15   disputes heard in small claims court pursuant to AAA's Rules, because Claimants have elected to

16   file their cases with the AAA and, thereby, agreed to be bound by AAA's Rules under which

17   Respondents make their small claims court election. The factual scenarios and principles of law

18   set forth in the other cases cited by Claimants on this point also support the idea that Claimants

19   are bound by and cannot object to the election Respondents have made under the AAA's Rules

20   voluntarily selected by Claimants. *Cook v. Superior Court of San Mateo County*, 274 Cal.App.2d

21   675, 677-678 (1969); *Pitzen v. Superior Court*, 120 Cal.App.4th 1374, 1379 (2004).

22       *Prudential Ins. Co.* also defeats their claims of due process violations with respect to a

23   lack of counsel in small claims court. In *Prudential Ins. Co.* the court stated that "...as long as

24   the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding..." there

25   is no due process violation. *Prudential Ins. Co.*, 76 Cal.App.2d at 381-382. Further, Claimants

26   will have the right to appear by counsel if they appeal from small claims court pursuant to the

27   express terms of the Arbitration Agreements, which provide that, "[a]ny appeal of a judgment

28

-8-

from a small claims tribunal shall be resolved by binding arbitration." (Claimants' Opposition, p. 4; Exhibits A and B ¶ 5(i); Exhibit C ¶ 8).  It is also important to note the mutuality regarding the issue of counsel as neither Claimants, nor Respondents may be represented by counsel in small claims court, although both are entitled to the assistance of counsel outside of the hearing. C.C.P. § 116.530(c)(1). Since Claimants are entitled to counsel on appeal, a trial de novo, the assertion that their lack of counsel violates their due process rights is nothing more than a red herring. Moreover, Claimants' right to appeal via binding arbitration, a trial de novo, defeats any claim of a violation of due process related to appeal rights.

The brief filed by Claimants' counsel on this issue establishes that he was already familiar with the due process issues raised by Claimants with respect to small claims courts or was perfectly capable of researching and advising his clients of the advantages and disadvantages of filing their cases subject to AAA's Rules. Put another way, Claimants voluntarily chose AAA to administer their cases pursuant to AAA's Rules with the advice of legal counsel and, therefore, they knew or should have known that Respondents may elect to have these disputes resolved in small claims court and now they cannot object to Respondents exercising their rights under the Rules Claimants selected.

**D.     Small Claims Courts Have Subject Matter Jurisdiction Over Claimants' Claims.**

The jurisdiction of small claims courts is governed by Sections 116.220 and 116.221. C.C.P. §§ 116.220 and 116.221. Claimants acknowledge that "…the small claims court has jurisdiction in an action brought by a natural person, if the amount of the demand does not exceed ten thousand dollars ($10,000)."[1] C.C.P. §§ 116.221.

Each of the Claimants has made a demand for approximately $1,000 in damages, which is well below the jurisdictional threshold of $10,000. As a result, Claimants claims are clearly

---

[1] The exceptions to the $10,000 jurisdictional threshold do not apply to the Claimants causes of action against the Respondents.

-9-

1   within the jurisdiction of the small claims courts. The Claimants' demands for $1,000 do not

2   exceed $2,500 and, therefore, Claimants are not limited in the number of small claims actions

3   they may file in the state in any calendar year. C.C.P. §§ 116.231. Moreover, "[t]he jurisdictional

4   amount limitations apply to each plaintiff's individual claim, and the fact that on consolidation of

5   the claims of several individual plaintiffs the aggregate amount is greater than the limit is

6   immaterial." 16 Cal. Jur. 3d Courts § 228 *citing City and County of San Francisco v. Small*

7   *Claims Court*, 141 Cal. App. 3d 470, 190 Cal. Rptr. 340 (1st Dist. 1983).

8       Perhaps most notably, Claimants try to ignore and do not even attempt to distinguish

9   *Miller*, in which the California Supreme Court recognized that California's small claims court is

10  "a court of competent jurisdiction" and, therefore, concede that small claims courts have subject

11  matter jurisdiction over Claimants' claims. *Miller v. Mun. Court of City of Los Angeles*, 22 Cal.

12  2d 818, 851, 142 P.2d 297, 316 (1943). Claimants admit that California state courts are

13  authorized to hear the state and federal statutory claims asserted by Claimants; as a result, since

14  small claims courts are courts of competent jurisdiction they may hear all of Claimants' claims.

15      Furthermore, Claimants do not dispute that small claims courts have jurisdiction to hear

16  complex claims similar to the purported complex nature of their claims, rather, they merely do

17  not believe that small claims court is the proper tribunal for their claims. *Id.* ("[T]he small-claims

18  court had jurisdiction to hear 183 consolidated claims against a city alleging that city airport

19  noise constituted a continuing nuisance, causing damages to each claimant in the maximum

20  jurisdictional amount for each claimant, even though the claims raised complex issues.")

21  Claimants' subjective belief, which is contrary to established law, is insufficient to prevent

22  Respondents from electing to have these matters determined by a small claims court pursuant to

23  the Arbitration Agreements at issue and Rule 9 of the AAA Consumer Arbitration Rules.

24  **E.    Small Claims Courts Have the Power to Grant the Relief Sought By**

25  **Claimants.**

26      As set forth in Respondents' original Brief, small claims courts have the authority to

27  grant Claimants the relief that they seek. Claimants do not dispute that the monetary and

28

-10-

1  declaratory relief they seek can be awarded by a small claims court. However, they incorrectly

2  assert that a small claims court cannot award them the injunctive relief they seek.

3      Claimants attempt to ignore case law expressly finding that small claims courts are

4  authorized to grant injunctive relief. In *Smith*, the Court stated that, "Plaintiff is incorrect that

5  injunctive relief is categorically unavailable in small claims court", rather, the Court found that

6  C.C.P. § 116.220 provides "…small claims courts jurisdiction over actions for injunctive relief

7  when provided for by statute." *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 469 (S.D.Cal.,2014).

8  Claimants failure to distinguish or even mention *Smith* is telling. The California Supreme Court

9  recognized that California's small claims court is "a court of competent jurisdiction." *Miller*, 22

10 Cal. 2d at 851, 142 P.2d at 316. It follows that the authority to grant injunctive relief available by

11 statute in Financial Code § 23064, Business and Professions Code § 17203, and RICO to all state

12 courts includes authorizing small claims courts, not just Superior Courts as Claimants suggest,

13 the discretion to award the injunctive relief that is available under those statutes.

14     Finally, in any action for recovery of money, a small claims court "may grant equitable

15 relief in the form of rescission, restitution, reformation, and specific performance, in lieu of, or in

16 addition to, money damages." Cal. Civ. Proc. Code § 116.220(b).  Accordingly, Claimants are

17 entitled to seek the same relief in California's small claims court that they are seeking in these

18 arbitration proceedings.

19 **CONCLUSION**

20     In sum, these arbitration proceedings should be closed so that these disputes may proceed

21 in California's small claims court pursuant to Respondents' election.  The Parties expressly

22 retained in a valid and enforceable manner the contractual right to elect adjudication by a small

23 claims court.  AAA's rules and long-standing policy likewise authorize such an election even

24 after the commencement of arbitration.  California's small claims court has jurisdiction to

25 entertain these disputes and the Claimants' right to relief will not be hindered in such a forum.

26 Furthermore, adjudication in California's small claims court is consistent with the purpose of

27

28

-11-

1  small claims courts and public policy.   As a result, Respondents' election to adjudicate these

2  disputes in California's small claims court must be honored.

3  Dated: June 21, 2016

4

5  By: _____

   Ralph A. Zappala
6  BUSBY & ZAPPALA LLP
   251 Lafayette Circle, Suite 350
7  Lafayette, CA 94549
   Tel:  925-299-9600
8  Fax:  510-914-6805
   Email:  rzappala@bzlawllp.com
9

10 Paul Croker*
   ARMSTRONG TEASDALE LLP
11 2345 Grand Boulevard, Suite 1500
   Kansas City, Missouri 64108-2617
12 816-221-3420
   816-221-0786 (Facsimile)
13 pcroker@armstrongteasdale.com
   *Pro Hac Vice Application Pending
14
   ATTORNEYS FOR RESPONDENTS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

# EXHIBIT D

**Paul Croker**

| | |
|---|---|
| **From:** | Jeffrey Wilens <jeff@lakeshorelaw.org> |
| **Sent:** | Tuesday, February 23, 2016 2:12 AM |
| **To:** | Paul Croker; Jennifer McDermott |
| **Cc:** | jps@spencerlaw.net; Rosemary Lett; Martie Welther; Cathe Stewart; Ralph Zappala |
| **Subject:** | RE: Various Consumers v. VIP PDL |

Jennifer,

I don't see a difference between initiated and placed in abeyance AND not initiated but held in abeyance. I assume the AAA has to initiate the cases to hold them in abeyance.

I appreciate either side can reactivate the cases at any time. If Mr. Croker has not designated five acceptable test cases by week's end, then claimants will utilize that reactivation power.

I also agree respondents have a standing request for the cases to be decided in small claims court.

Lakeshore Law Center
Jeffrey Wilens, Esq.
18340 Yorba Linda Blvd.
No. 107-610
Yorba Linda, CA 92886
714-854-7205
714-854-7206 (fax)

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete it.

For additional information, please visit our website at www.lakeshorelaw.org

**From:** Paul Croker [mailto:PCroker@ArmstrongTeasdale.com]
**Sent:** Monday, February 22, 2016 7:42 PM
**To:** Jennifer McDermott <McDermottJ@adr.org>
**Cc:** Jeffrey Wilens <jeff@lakeshorelaw.org>; jps@spencerlaw.net; Rosemary Lett <RLETT@ArmstrongTeasdale.com>; Martie Welther <mwelther@ArmstrongTeasdale.com>; Cathe Stewart <StewartC@adr.org>; Ralph Zappala <rzappala@bzlawllp.com>
**Subject:** Re: Various Consumers v. VIP PDL

Jennifer,

I would like to address one point from your email. Respondents do not agree that all cases should be initiated. Respondents have requested that any pending or future cases beyond the first case filed by a claimant against the same Respondents should not be initiated, but rather, should be held in abeyance until the arbitrator determines whether such cases should be consolidated and Respondents should be responsible for one, as opposed to multiple filing fees and advancement of the arbitrator's fees.

Also, Claimants' counsel has agreed to stipulate that Respondents are making a standing election pursuant to paragraph (i) of the arbitration agreement and Rule 9 of the AAA Consumer Rules to have all pending and future cases Mr. Wilens files on behalf of his clients against the Respondents decided in small claims court. I believe Mr. Wilens will confirm.

1

**EXHIBIT D**

Please do not hesitate to contact me to discuss. Thank you for your continued assistance with these cases.

**Armstrong Teasdale LLP**
**Paul Croker | Partner**
2345 Grand Boulevard, Suite 1500, Kansas City, Missouri 64108-2617
MAIN PHONE: 816.221.3420 | MAIN FAX: 816.221.0786
DIRECT: 816-472-3116 | Extension: 5326 | FAX: 816-221-0786
pcroker@armstrongteasdale.com
www.armstrongteasdale.com


On Feb 22, 2016, at 4:13 PM, Jennifer McDermott <McDermottJ@adr.org> wrote:

Dear Counsel:

This will confirm the conference call of February 18, 2016 and the following items of agreement.

1) All of the cases will be initiated
2) All of the cases will be placed into abeyance
3) The parties' counsel will advise the American Arbitration Association of the cases on which they would like to proceed and how many arbitrators they agree will be appointed to hear these initial cases
4) The cases will proceed under the Consumer Arbitration Rules
5) The parties' counsel will advise when either party wants to move a case forward

Please let me know if you have any questions,

Jennifer


<imagea874b4.PNG> **Jennifer McDermott**
**Case Administrator**

American Arbitration Association

T: 559 650 8075  F: 855 433 3046  E: McDermottJ@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.


**********************PRIVATE AND CONFIDENTIAL**********************
**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy**

the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.

3

**EXHIBIT E**



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Western Case Management Center
Neil Currie
Vice President
45 E River Park Place West, Suite 308
Fresno, CA 93720
Telephone: (877) 528-0880
Fax: (855) 433-3046

April 5, 2016

Jeffrey Wilens, Esq.
Lakeshore Law Center
18340 Yorba Linda Boulevard, Suite 107-610
Yorba Linda, CA 92886
Via Email to: jeff@lakeshorelaw.org

Paul Croker, Esq.
Armstrong Teasdale LLP
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108-2617
Via Email to: pcroker@armstrongteasdale.com

Case Number: 01-16-0000-4991

Sharanjeet Paul Claim # 2
-vs-
FSST Financial Services, LLC, dba VIP Loan Shop,
VIP PDL Services, LLC dba VIP Loan Shop,
SCS Processing, LLC aka Everest Cash Advance,
Action PDL Services, LLC aka Action Payday,
BD PDL Services, LLC aka Bottom Dollar Payday,
Integrity PDL Services, LLC, My Quick Funds dba
Sierra Financial, LLC, Rare Moon Media, LLC,
Encompass Consulting Group, LLC, E-Finance Call
Center Support, LLC, Total Recovery Solutions, LLC
Jeremy D. Shaffer, and Joshua and Steven Mitchem

Dear Parties:

This will confirm the appointment of John W. Garman as arbitrator in this matter.

As requested by the arbitrator, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the American Arbitration Association (AAA) immediately.

In order to schedule a preliminary hearing, please utilize the online calendar at the following link:

   http://www.when2meet.com/?4736911-bhLuS

All you have to do is the following:

* click on the link
* type in your full name next to "sign in"
* type in any password you want (there is no need to set up a profile or account)

**EXHIBIT E**

* highlight the times you ARE AVAILABLE
* everyone's availability will show on the calendar as they enter it and will reveal mutual times to schedule the call
* when done, simply close the web page (there is no need to save; to confirm your updates registered, simply click back on the original link)
* All times on the calendar will be treated as Pacific Time

Please provide your availability within the next two days.  If I do not receive a response, I will presume all options are acceptable and a preliminary hearing will be set.

Sincerely,
/s/
Jennifer McDermott
Case Administrator
Direct Dial: (559) 650-8075
Email: McDermottJ@adr.org
Fax: (855) 433-3046

*Supervisor Information: Cathe Stewart, Director (559) 490-1840, stewartc@adr.org*

Enclosure

CC:
Ralph A. Zappala, Esq.
Martie Welther

Blind CC:
John W. Garman, Esq.



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Western Case Management Center
Neil Currie
Vice President
45 E River Park Place West, Suite 308
Fresno, CA 93720
Telephone: (877) 528-0880
Fax: (855) 433-3046

April 5, 2016

Jeffrey Wilens, Esq.
Lakeshore Law Center
18340 Yorba Linda Boulevard, Suite 107-610
Yorba Linda, CA 92886
Via Email to: jeff@lakeshorelaw.org

Paul Croker, Esq.
Armstrong Teasdale LLP
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108-2617
Via Email to: pcroker@armstrongteasdale.com

Case Number: 01-16-0000-3815

Retha P. Walker Claim #1
-vs-
FSST Financial Services, LLC, dba VIP Loan Shop,
VIP PDL Services, LLC dba VIP Loan Shop,
SCS Processing, LLC aka Everest Cash Advance,
Action PDL Services, LLC aka Action Payday,
BD PDL Services, LLC aka Bottom Dollar Payday,
Integrity PDL Services, LLC, My Quick Funds dba
Sierra Financial, LLC, Rare Moon Media, LLC,
Encompass Consulting Group, LLC, E-Finance Call
Center Support, LLC, Total Recovery Solutions, LLC
Jeremy D. Shaffer, and Joshua and Steven Mitchem

Dear Parties:

This will confirm the appointment of John W. Garman as arbitrator in this matter.

As requested by the arbitrator, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the American Arbitration Association (AAA) immediately.

In order to schedule a preliminary hearing, please utilize the online calendar at the following link:

http://www.when2meet.com/?4736811-z4mVe

All you have to do is the following:

      * click on the link
      * type in your full name next to "sign in"
      * type in any password you want (there is no need to set up a profile or account)

\* highlight the times you **ARE AVAILABLE**
\* everyone's availability will show on the calendar as they enter it and will reveal mutual times to
schedule the call
\* when done, simply close the web page (there is no need to save; to confirm your updates registered,
simply click back on the original link)
\* All times on the calendar will be treated as Pacific Time

Please provide your availability within the next two days.  If I do not receive a response, I will presume all options
are acceptable and a preliminary hearing will be set.

Sincerely,
/s/
Jennifer McDermott
Case Administrator
Direct Dial: (559) 650-8075
Email: McDermottJ@adr.org
Fax: (855) 433-3046

*Supervisor Information: Cathe Stewart, Director (559) 490-1840, stewartc@adr.org*

CC:
Ralph A. Zappala, Esq.
Martie Welther

Blind CC:
John W. Garman, Esq.



AMERICAN ARBITRATION ASSOCIATION®   | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Western Case Management Center
Neil Currie
Vice President
45 E River Park Place West, Suite 308
Fresno, CA 93720
Telephone: (877) 528-0880
Fax: (855) 433-3046

April 5, 2016

Jeffrey Wilens, Esq.
Lakeshore Law Center
18340 Yorba Linda Boulevard, Suite 107-610
Yorba Linda, CA 92886
Via Email to: jeff@lakeshorelaw.org

Paul Croker, Esq.
Armstrong Teasdale LLP
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108-2617
Via Email to: pcroker@armstrongteasdale.com

Case Number: 01-16-0000-4222

Delbert Daily Claim # 2
-vs-
FSST Financial Services, dba VIP Loan Shop,
VIP PDL Services LLC dba VIP Loan Shop,
SCS Processing LLC aka Everest Cash Advance,
Action PDL Services LLC aka Action Payday,
BD PDL Services LLC aka Bottom Dollar Payday,
Integrity PDL Services LLC, My Quick Funds dba
Sierra Financial, LLC, Rare Moon Media LLC
Encompass Consulting Group LLC, E-Finance Call
Center Support, LLC, Total Recovery Solutions LLC
Jeremy D. Shaffer, and Joshua and Steven Mitchem

Dear Parties:

This will confirm the appointment of John W. Garman as arbitrator in this matter.

As requested by the arbitrator, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the American Arbitration Association (AAA) immediately.

In order to schedule a preliminary hearing, please utilize the online calendar at the following link:

http://www.when2meet.com/?4736976-UqzNM

All you have to do is the following:

* click on the link
* type in your full name next to "sign in"
* type in any password you want (there is no need to set up a profile or account)

* highlight the times you **ARE AVAILABLE**
* everyone's availability will show on the calendar as they enter it and will reveal mutual times to schedule the call
* when done, simply close the web page (there is no need to save; to confirm your updates registered, simply click back on the original link)
* All times on the calendar will be treated as Pacific Time

Please provide your availability within the next two days.  If I do not receive a response, I will presume all options are acceptable and a preliminary hearing will be set.

Sincerely,
/s/
Jennifer McDermott
Case Administrator
Direct Dial: (559) 650-8075
Email: McDermottJ@adr.org
Fax: (855) 433-3046

*Supervisor Information: Cathe Stewart, Director (559) 490-1840, stewartc@adr.org*

Enclosure

cc:
John W. Garman, Esq.

Ralph A. Zappala, Esq.
Martie Welther

**EXHIBIT F**

*Trial, Separation of Powers, and Due Process Concerns*, 72 Tulane L. Rev. 1 (1997) (discussing due process concerns with binding arbitration under employment and consumer contracts). See, e.g., *Engalla v. Permanente Med. Grp.*, 938 P.2d 903 (Cal. 1997) (medical group may not compel arbitration where it administers own arbitration program, fraudulently misrepresents speed of arbitrator selection process, and the forces delays); *Broemmer v. Abortion Serv. of Phoenix*, 840 P.2d 1013 (Az. 1992) (refusing to enforce agreement in "adhesion contract" where drafter inserted potentially self-serving term requiring sole arbitrator of medical malpractice claims to be licensed medical doctor)

4. See Schwartz, *supra* note 2 at 60-61 (discussing perceptions regarding relative damages awards in court and in arbitration), 64-66 (summarizing some statistics on arbitration awards). See also William W. Park, *When and Why Arbitration Matters*, in The Commercial Way to Justice, 73, 75 (G.M. Beresfort Hartwell ed. 1997) (" Who interprets an ...agreement will frequently be more significant than *what* the applicable law says about the agreement ...")

5. See, e.g., *Cole v. Burns International Security Services*, 105 F.3d 1465 (D.C. Cir. 1997) (Citing Due Process Protocol for Employment Disputes). The consensus-based approach of the broadly constituted group reflects the "public interest" model espoused by Professor Speidel. See Richard E. Speidel, *Contract Theory and Securities Arbitration: Whither Consent?*, 62 Brook. L. Rev. 1335 (1996).

## SCOPE OF THE CONSUMER DUE PROCESS PROTOCOL

The Consumer Due Process Protocol (Protocol) was developed to address the wide range of consumer transactions, those involving the purchase or lease of goods or services for personal, family or household use. These include, among other things, transactions involving: banking, credit cards, home loans and other financial services, health care services, brokerage services, home construction and improvements, insurance, communications, and the purchase and lease of motor vehicles and other personal property.

Across this broad spectrum of consumer transactions, the Protocol applies to all possible conflicts from small claims to complex disputes. In light of these realities, the Advisory Committee sought to develop principles which would establish clear benchmarks for conflict resolution processes involving consumers, while recognizing that a process appropriate in one context may be inappropriate in another. Therefore, the Protocol embodies flexible standards which permit consideration of specific circumstances.

In some cases, the AAA is developing or has developed special dispute resolution policies and procedures governing particular transactional systems. A recent example is its current initiative with respect to ADR in contracts for health care services. Where the general principles set forth in this Protocol conflict with more specific standards developed under the auspices of the AAA or some other independent organization with relatively broad participation by affected parties, the latter should govern.

There are other transactions that share many of the features of consumer transactions, such as those involving small businesses and individual employment contracts. While the Protocol was not developed for specific application to such other transactions, there may be circumstances in which the Protocol might be applied by analogy to ADR in those venues. The Principles articulated here are likely to have an impact on minimum standards of due process for other ADR systems involving persons of disparate bargaining power.

Each section of this document is devoted to treatment of a discrete topic concerning consumer ADR. It begins with a basic Principle that embodies the fundamental reasonable expectation of consumers as defined by the Advisory Committee. Each Principle is accompanied by Reporter's Comments that explain the rationale of the Advisory Committee in the context of other emerging standards. In addition, some Principles are supplemented by Practical Suggestions for putting the Principles into practice.

The specific mention of mediation and binding arbitration reflects the current emphasis on these processes in consumer conflict resolution. The Advisory Committee recognizes that a number of other approaches are being employed to resolve commercial and consumer disputes and encourages their use in accordance with the spirit of the Protocol.

The signatories to this Protocol were designated by their respective organizations, but the Protocol reflects their personal views and should not be construed as representing the policy of the designating organizations. Although the following Principles reflect a remarkable degree of consensus achieved during the course of several meetings of the entire Advisory Committee, subcommittee deliberations, exchanges of numerous memoranda and of five drafts of the Protocol, Advisory Committee members at times accepted compromise in the interest of arriving at a common ground. As was the case with the task force which developed the *Employment Due Process Protocol*, opinions regarding the appropriateness of binding pre-dispute arbitration agreements in consumer contracts were never fully reconciled. Like that group, however, the Advisory Committee was able to address standards for ADR processes within the given context

## GLOSSARY OF TERMS

**EXHIBIT F**

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of Contra Costa County, State of California. I am over the age of 18 years and not a party to this action within.  My business address is 251 Lafayette Circle, Suite 350, Lafayette, California 94549.

On June 21, 2016, I served the foregoing document described by emailing it to each of the electronic mail addresses listed below and the transmission was reported as complete and without error.

I declare under penalty of perjury and under the laws of the State of California, that the foregoing is true and correct. Executed this 21st day of June, 2016 at Lafayette, California.

Jeffrey Wilens
LAKESHORE LAW CENTER
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
jeff@lakeshorelaw.org

-and-

Jeffrey P. Spencer
SPENCER LAW FIRM
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
jps@spencerlaw.net

Attorneys for Claimants

Sheila McNeill

-13-

RESPONDENTS' BRIEF REGARDING ELECTION TO ADJUDICATE DISPUTES IN CALIFORNIA'S SMALL CLAIMS COURT

Case Nos. 01-16-0000-4222; 01-16-0000-4991; 01-16-0000-3815