JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 16-2064-DOC (JCGx)            Date: January 17, 2017

Title: VIP PDL SERVICE, LLC ET AL. V. AMERICAN ARBITRATION ASSOCIATION ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART MOTION TO REMAND [10]; DECLINING TO REACH EITHER MOTION TO REALIGN THE PARTIES [14], MOTION TO COMPEL ARBITRAION [15]**

      Before the Court are Cross-Complainants Delbert Daily, Sharanjeet Paul, and Retha Walker's ("Cross-Complainants") Motion to Remand Case ("Motion to Remand") (Dkt. 10); Cross-Defendants VIP PDL Service, LLC; SCS Processing, LLC; Fast Efnds; Rare Moon Media, LLC; Encompass Consulting Group, LLC; E-Finance Call Center Support, LLC; Total Account Recovery, LLC; Jeremey D. Shaffer; Joshua L. Mitchem; Steven Mitchem; and Dustin Dernier's ("Cross-Defendants") Motion to Realign the Parties ("Motion to Realign") (Dkt. 14); and Cross-Defendants' Motion to Compel Arbitration (Dkt. 15). The Court finds these matters appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties' arguments, the Court GRANTS IN PART the Motion to Remand, and declines to reach either the Motion to Realign or the Motion to Compel Arbitration.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-2064-DOC (JCGx)                                   Date: January 17, 2017
                                                                                                                                                       Page 2

## I.     Background

Cross-Defendants initially filed this lawsuit against the Cross-Complainants and the American Arbitration Association on September 29, 2016 in the Superior Court of California, Orange County. Mot. to Remand, Declaration of Jeffrey Wilens Ex. 1.

On October 7, 2016, Cross-Complainants filed their Cross-Complaint. Cross-Complainants bring class action claims for: (1) violation of California Deferred Deposit Transactions Law, Financial Code §§ 23000 *et seq.*; (2) violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961; (3) violation of unfair competition law, California Business and Professions Code §§ 17200 *et seq.*; and (4) violation of finance lenders' law, California Business and Professions Code §§ 22100 *et seq.* Notice of Removal Ex. 1. Cross-Defendants answered the Cross-Complaint on November 15, 2016. *Id.* Ex. 2.

Also on November 15, 2016, Cross-Defendants requested the state court dismiss their complaint without prejudice. *See id.* Ex. 3.[1] Cross-Defendants then removed to this Court on November 16, 2017. Notice of Removal (Dkt. 1) at 2.

Cross-Complainants filed their Motion to Remand on November 23, 2016. Cross-Defendants opposed on December 19, 2016 (Dkt. 23), and Cross-Complainants replied on December 22, 2016 (Dkt. 24).

Cross-Defendants filed their Motion to Realign on November 23, 2016. Cross-Complainants filed a Conditional Non-Opposition (Dkt. 22) on December 17, 2016, stating that if the Court found that the case had been properly removed then, and only then, Cross-Complainants did not object to realignment. Cross-Defendants replied on December 23, 2016 (Dkt. 25).

Cross-Defendants also filed their Motion to Compel Arbitration on November 23, 2016. Cross-Complainants opposed on December 17, 2016 (Dkt. 21), and Cross-Defendants replied on December 23, 2016 (Dkt. 26).

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," a court is powerless to hear the

---

[1] Cross-Complainants dispute whether Cross-Defendants' claims were in fact properly dismissed. For the sake of argument, the Court will assume that Cross-Defendants' claims were properly dismissed.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-2064-DOC (JCGx)                                            Date: January 17, 2017
                                                                                                                                                       Page 3

case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts strictly construe removal statutes against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *See Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

### III. Discussion

The Court will first address the Motion to Remand. As the Court finds it lacks subject matter jurisdiction, it cannot rule on either the Motion to Realign or the Motion to Compel Arbitration.

#### A. Motion to Remand

Cross-Complainants are seeking remand and contend that only "defendants"—not cross-defendants—can remove an action. *See* Mot. to Remand at 2–3; *see also* 28 U.S.C. § 1441(a). Cross-Defendants agree that this is generally true, but argue that the Court must realign the parties before conducting a jurisdictional inquiry. *See generally* Opp'n to Remand at 3–4. Cross-Defendants contend that after realignment they would be considered the "defendants," and thus would be entitled to remove under 28 U.S.C. § 1441(a). *See id.* at 4–6. Because the Cross-Complainants are bringing federal claims, there is little question that the Court would have federal question jurisdiction if a realignment could render Cross-Defendant the defendant (and their cross-complaint the complaint) for jurisdictional purposes. *See* 28 U.S.C. § 1331; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). Below, the Court considers whether a realignment would entitle Cross-Complainants to remove the action.

The statute authorizing removal from state court to federal court specifically states that a "defendant or the defendants" may remove a case. 28 U.S.C. § 1441(a). The Supreme Court has expressly held that the term "defendant or defendants" does not include cross-defendants. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). The Ninth Circuit has stated that *Shamrock* stands for the "rule that a plaintiff/cross-defendant cannot remove an action to federal court." *Progressive W. Ins. Co. v. Preciado*, 479 F.3d

Case 8:16-cv-02064-DOC-JCG Document 28 Filed 01/17/17 Page 4 of 7 Page ID #:712

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-2064-DOC (JCGx)                                    Date: January 17, 2017
                                                                                                                          Page 4

1014, 1017–18 (9th Cir. 2007); *see also Westwood Apex v. Contreras*, 644 F.3d 799, 807 (9th Cir. 2011); *First Bank v. DJL Properties, LLC,* 598 F.3d 915, 917 (7th Cir. 2010). Further, the Ninth Circuit has "categorically stated that '[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if . . . a counterclaim is thereafter filed that states a claim cognizable in a federal court.'" *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) (citing *Oregon Egg Producers v. Andrew*, 458 F.2d 382 (9th Cir. 1972)).

Cross-Defendants argue that in those cases no party sought realignment, and that the Ninth Circuit has repeatedly stated that courts must properly align the parties before conducting the jurisdictional inquiry. Opp'n to Remand at 3–4. Cross-Defendants contend that after proper alignment they would be considered the "defendant."

Indeed, the Ninth Circuit has found that courts "must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987))). However, this analysis has never been used by any circuit court to allow a cross-defendant to remove a case. *See Steeby v. Discover Bank*, 980 F. Supp. 2d 1131, 1134 (W.D. Mo. 2013). Instead, it typically comes up in the context of establishing whether true diversity jurisdiction exists. *See, e.g*, *Scotts*, 688 F.3d at 1157; *see also* § 3723 Removal Based on Diversity of Citizenship and Alienage Jurisdiction, 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.) ("Before determining removability under Section 1441(b) *on the basis of diversity of citizenship jurisdiction*, a district court will realign the parties according to their true interests in the outcome of the litigation, as it would were the case originally brought in the federal court.") (emphasis added). Accordingly, the Court does not find the Ninth Circuit's language in *Scotts* to be dispositive here.

Several district courts have addressed exactly this situation—where a cross-defendant has dismissed all of their original claims and now seeks to remove a case—with conflicting results. *See Steeby*, 980 F. Supp. 2d at 1134 (collecting case). In *Hickman v. Alpine Asset Mgmt. Grp., LLC*, 919 F. Supp. 2d 1038 (W.D. Mo. 2013), a court found that removal was proper. There the Court stated "this Court finds [the cross-complainant's] assertion that her claims against Alpine remained counterclaims against Alpine, even after Alpine dismissed all claims against [cross-complainant], to be unpersuasive." *Id.* at 1043.

However, in a subsequent line of cases, several courts have declined to follow *Hickman*. *See Steeby*, 980 F. Supp. 2d at 1136; *Midland Funding LLC v. Jackson*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-2064-DOC (JCGx)                                            Date: January 17, 2017
                                                                                                                               Page 5

1:13CV177 ACL, 2014 WL 2800756, at *2 (E.D. Mo. June 19, 2014); *Gen. Credit Acceptance, Co., LLC v. Deaver*, No. 4:13CV00524 ERW, 2013 WL 2420392, at *3 (E.D. Mo. June 3, 2013). In part, those courts based their departure from *Hickman* on the "unique" procedural posture of that case. *See Steeby*, 980 F. Supp. 2d at 1136; *Midland*, 2014 WL 2800756 at *2; *Deaver*, 2013 WL 2420392, at *3. In *Hickman*, the Cross-Claimant did not oppose realignment and sought to remand only after the court had already granted summary judgment for the Cross-Defendant. *Hickman*, 919 F. Supp. 2d at 1044. In the other cases, as here, the Cross-Claimant sought immediately to remand after removal and opposed realignment. *See Steeby*, 980 F. Supp. 2d at 1136; *Midland*, 2014 WL 2800756 at *2; *Deaver*, 2013 WL 2420392, at *3. This Court is not convinced that this procedural difference is dispositive as this is a jurisdictional question, and an objection to a court's subject matter jurisdiction cannot be waived. *See Shamrock Oil*, 313 U.S. at 107 ("We think these alterations in the statute . . . narrow the federal jurisdiction on removal."). However, it appears that most courts faced with this situation have remanded. *See also VIM, L.P. v. Born*, No. CV 12-6982-DMG (FFMx) at 2 (C.D. Cal. Sep. 12, 2012); *Arrow Fin. Servs., LLC v. Williams*, No. 10-3416-CV-S-DW, 2011 WL 9158435, at *4 (W.D. Mo. Jan. 20, 2011) (both remanding under similar circumstances).

       Cross-Defendants seek to distinguish *Steeby*, the only published case in that line, by pointing out that it occurred in the Eight Circuit. *Steeby* cited the Eighth Circuit rule "that for purposes of applying the federal removal statute, the parties' alignment is determined as of the time the original complaint is filed, not at the time of removal." 980 F. Supp. 2d at 1135 (citing *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 871 (8th Cir.1966)). As Cross-Defendants note, this is not the rule in the Ninth Circuit. *See O'Halloran v. Univ. of Washington,* 856 F.2d 1375, 1379 (9th Cir. 1988) (stating that a court determines whether removal was proper by assessing the "condition of the pleadings and the record at the time of the application for removal" (citations omitted)). However, in *Steeby* the court stated that even without this Eighth Circuit rule, it would still be compelled to remand because of *Shamrock* and the narrow construction of removal statutes. *See Steeby*, 980 F. Supp. 2d at 1135–36. Further, a court in this district faced with this question also found remand was proper. *See VIM, L.P. v. Born*, No. CV 12-6982-DMG (FFMx) at 2 (C.D. Cal. Sep. 12, 2012).

       Additionally, in examining the reasoning of *Shamrock*, the Court finds that the justifications articulated there for not allowing a cross-defendant to remove are no less compelling after a cross-defendant has dismissed all of its claims. The *Shamrock* court noted two justifications for barring cross-defendants from removing. First, the original plaintiff has "submitted" herself to the jurisdiction of the state court. *See Shamrock*, 313

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-2064-DOC (JCGx)                                  Date: January 17, 2017
                                                                                                                                 Page 6

U.S. at 106 (1941) (explaining the Supreme Court had previously held that "the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal . . . ." (internal citations omitted)). Second, had Congress intended for parties other than the original defendants to be able to remove, Congress would have made that clear in the statutory language. *See id.* at 107.

       Further, allowing a cross-defendant to remove after voluntarily dismissing its claims without prejudice has the potential to encourage forum shopping. Future cross-defendants might seek to sneak into federal court by dismissing their claims against the cross-claimants, seeking removal to federal court and realignment, and then reasserting their claims in answer or bringing their claims as a separate action. *See Arrow Fin. Servs., LLC v. Williams*, No. 10-3416-CV-S-DW, 2011 WL 9158435, at *4 (W.D. Mo. Jan. 20, 2011) (granting remand under similar circumstances out of concerns that allowing removal would encourage forum shopping). Here, Cross-Defendants have already answered the cross-complaint, Notice of Removal Ex. 2, so forum shopping concerns are less pressing in the instant case. However, this avenue for abuse still counsels against a rule allowing for removal after voluntarily dismissal without prejudice of a cross-defendant's claims.

       In conclusion, the Court again notes that it must "strictly construe the removal statute against removal jurisdiction." *Takeda*, 765 F.2d at 818. Therefore, where, as here, it is at best ambiguous whether § 1441 provides for removal, the Court must resolve the question against jurisdiction. *See id.*; *see also Steeby*, 980 F. Supp. 2d at 1136 (finding that because federal courts must strictly construe removal statutes, a cross-defendant could not remove a case to federal court even after dismissing all of their state law claims).

       Accordingly, the Court REMANDS this action. Because the Court lacks subject matter jurisdiction, it cannot reach either the Motion to Realign or the Motion to Compel Arbitration.

### B. Request for Attorney's Fees

       In their Motion to Remand, Cross-Complainants seek their attorney's fees. Mot. to Remand at 6–8.

       Attorney's fees are available pursuant to 28 U.S.C. § 1447(c), which states "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 16-2064-DOC (JCGx) | Date: January 17, 2017 |
| | Page 7 |

only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds Cross-Defendants had a reasonable basis for removal. While the weight of authority is against finding removal jurisdiction under the circumstances present in this case, there is no Ninth Circuit or Supreme Court authority precisely on point, and at least one district court has been persuaded by the arguments Cross-Defendants make here.

Accordingly, the Court DENIES Cross-Complainants' request for attorney's fees.

## IV. Disposition

The Court GRANTS IN PART Cross-Complainants' Motion to Remand. The Court REMANDS this action to the Superior Court of California, Orange County. The Court DENIES Cross-Complainants' request for attorney's fees.

Because the Court lacks subject matter jurisdiction, it cannot reach either the Motion to Realign or the Motion to Compel Arbitration.

The Clerk shall serve this order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: djg |
| CIVIL-GEN | |